UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOYONG LAI,<br><br>    Plaintiff,<br><br>v.<br><br>MENG JING LU, et al.,<br><br>    Defendants. | Case No. 24-cv-06470-VKD<br><br>**ORDER RE DEFENDANT MENGJING LU'S MOTION TO QUASH SERVICE**<br><br>Re: Dkt. No. 23 |

Attorney Xiaoyong Lai, who is representing himself, filed this action against a client, Mengjing Lu,[1] and her niece, Lu Zhang, to recover $422,463 in fees and costs Mr. Lai claims he is owed for legal services rendered. Mr. Lai alleges that Ms. Lu failed to pay the fees and costs at issue and fraudulently transferred assets, including to Ms. Zhang. The complaint invokes federal diversity jurisdiction, 28 U.S.C. § 1332, and asserts claims for breach of contract and common counts against Ms. Lu, as well as claims for fraudulent transfer and conspiracy against both defendants. Dkt. No. 1. In her answer and counterclaims, Ms. Lu does not dispute that she had agreements with Mr. Lai for the provision of legal services. However, she disagrees that all work performed by Mr. Lai was within the scope of the parties' agreements, which she maintains were one-sided and oppressive. She further contends that Mr. Lai's billed time is excessive. The upshot, according to Ms. Lu, is that Mr. Lai owes her more than $175,000. *See* Dkt. No. 37.

After obtaining an extension of time to complete service of process (Dkt. No. 10), Mr. Lai

---

[1] The complaint indicates that Ms. Lu is also known as "Meng Jing Lu." The Court refers to Ms. Lu as "Mengjing Lu," as that is the way she refers to herself in her court filings.

1  filed two documents indicating that Ms. Lu and Ms. Zhang were each served via certified mail,
2  with a return receipt requested, on January 22, 2025 at an address in Las Vegas, Nevada.  *See* Dkt.
3  Nos. 13, 14.  The two postal return receipts bear a signature "Lu Zhang" next to a checked box
4  labeled "Agent."  *See id*.  According to Mr. Lai, Ms. Zhang's response to the complaint was due
5  by February 24, 2025.  When Ms. Zhang did not appear or respond to the complaint, Mr. Lai
6  asked the Clerk of Court to enter her default.  Dkt. No. 19.[2]

7  Meanwhile, Ms. Lu, who is representing herself, does not dispute that *she* has been served
8  with process.  She has appeared and filed a number of motions with the Court.  Among them is the
9  present "Motion to Quash Service,"[3] in which Ms. Lu says that she (not Ms. Zhang) signed the
10 postal receipts, reportedly without realizing that the mail contained legal documents, including the
11 complaint and summons.  While Ms. Lu notes that Ms. Zhang has "authorized [her] to sign non-
12 legal documents on her behalf," Ms. Lu says that she does not have authority to accept service of
13 process for Ms. Zhang.  *See* Dkt. No. 23 at ECF 2; Dkt. No. 23-1 ¶ 4; Dkt. No. 30.  Ms. Lu avers
14 that when she realized her mistake in signing the postal receipt for Ms. Zhang, she went to the post
15 office and had the mail returned to the sender/process server.  *See* Dkt. No. 23-1 ¶ 5; *see also* Dkt.
16 No. 23-2.

17 Mr. Lai opposes the motion to quash.  Dkt. No. 26.  He argues that Ms. Zhang properly
18 was served under California statutes that allow for service on persons outside the state "by first-
19 class mail, postage prepaid, requiring a return receipt."  *See* Cal. C.C.P. §§ 415.40, 417.20.
20 Noting that Ms. Lu's motion to quash was filed well after the deadline for Ms. Zhang's response
21 to the complaint, Mr. Lai argues that Ms. Lu's motion to quash is also untimely and that Ms. Lu
22 has no authority, in any event, to seek relief from the Court on Ms. Zhang's behalf.  Dkt. No. 26.

23 Ms. Lu indicates that her sole purpose in filing the motion to quash is to bring to the
24 Court's attention what she says was her mistake in signing the postal receipt for Ms. Zhang.  *See*

---

[2] Mr. Lai's request for entry of default remains pending.

[3] Ms. Lu's motion to quash is deemed suitable for determination without oral argument.  Civil L.R. 7-1(b).

Dkt. No. 30 at 2. Insofar as Ms. Lu acknowledges that she cannot represent Ms. Zhang in this action or seek relief on her behalf (*see id.*), the Court declines to grant the motion to quash.

At the same time, however, to the extent Mr. Lai seeks an order finding that Ms. Zhang properly has been served with process, the Court is unable to so conclude on the record presented. For individuals within a judicial district of the United States, Rule 4 of the Federal Rules of Civil Procedure allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). As noted above, California law allows for service on persons outside the state "by first-class mail, postage prepaid, requiring a return receipt." Cal. C.C.P. § 415.40. Such service is valid only if it "include[s] evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed receipt or other evidence." Cal. C.C.P. § 417.20.

As a general legal principle, the Court is not persuaded by Ms. Lu's argument that her authority to accept mail on Ms. Zhang's behalf necessarily excludes accepting service of legal process here. *See* Dkt. No. 30 at 3. Where a defendant has designated another to receive mail on her behalf, receipt of that mail by the person authorized constitutes actual delivery to the defendant. *Neadeau v. Foster*, 129 Cal. App. 3d 234, 238 (1982). Mr. Lai maintains that a postal receipt is not a legal document, and that if Ms. Lu is authorized to accept mail for Ms. Zhang, she did in fact accept certified mail on Ms. Zhang's behalf, and thus Ms. Zhang was properly served.

However, complicating the analysis in this particular case are Ms. Lu's assertions—unrefuted and not addressed by Mr. Lai—that Ms. Zhang does not live in the United States, was not living in the United States at the time service purportedly was made by certified mail, and has no notice of this lawsuit. *See* Dkt. No. 23 at 2; Dkt. No. 30 at 2. Elsewhere in the docket are documents suggesting that Ms. Zhang is a Chinese citizen residing in China (*see* Dkt. No. 24-1 at ECF 1; Dkt. No. 27 at ECF 3)—an assertion that Mr. Lai appears willing to accept for purposes of Ms. Lu's separately filed motion to transfer venue, and which he, in any event, does not address at all in opposing Ms. Lu's motion to quash service. The record presented thus raises several questions, including whether Mr. Lai properly availed himself of California's service procedures,

which are expressly subject to the Hague Convention, *see* Cal. C.C.P. § 413.10(c); whether the Hague Convention applies under the particular circumstances presented here; and whether service on Ms. Zhang is required to be made pursuant to Rule 4(f), which governs service of process on individuals in a foreign country and authorizes service by several methods, including "by any internationally agreed means of service that is reasonably calculated to give notice," or "as prescribed by the foreign country's law for service in that country," or "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).

Accordingly, the record presented does not provide sufficient basis to grant the motion to quash service or to determine that Ms. Zhang has been served.  In these circumstances, the Court denies Ms. Lu's motion to quash service, without prejudice to a later determination regarding the propriety of service on Ms. Zhang.  This order terminates Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: June 5, 2025

Virginia K. DeMarchi
United States Magistrate Judge