1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8   XIAOYONG LAI,                          Case No.  24-cv-06470-VKD

               Plaintiff,
9
                                           **ORDER DENYING DEFENDANT**
10         v.                              **MENGJING LU'S MOTION TO**
                                           **TRANSFER VENUE**
11  MENG JING LU, et al.,
                                           Re: Dkt. No. 24
               Defendants.
12

13

14  **I.     BACKGROUND**

15         Attorney Xiaoyong Lai, who is representing himself, filed this action against a client,

16  Mengjing Lu,[1] and her niece, Lu Zhang, to recover $422,463 in fees and costs Mr. Lai claims he is

17  owed for legal services rendered.  Mr. Lai alleges that Ms. Lu failed to pay the fees and costs at

18  issue and fraudulently transferred assets, including to Ms. Zhang.  The complaint invokes federal

19  diversity jurisdiction, 28 U.S.C. § 1332, and asserts claims for breach of contract and common

20  counts against Ms. Lu, as well as claims for fraudulent transfer and conspiracy against both

21  defendants.  Dkt. No. 1.  In her answer and counterclaims, Ms. Lu does not dispute that she had

22  agreements with Mr. Lai for the provision of legal services.  However, she disagrees that all work

23  performed by Mr. Lai was within the scope of the parties' agreements, which she maintains were

24  one-sided and oppressive.  She further contends that Mr. Lai's billed time is excessive.  The

25  upshot, according to Ms. Lu, is that Mr. Lai owes her more than $175,000.  *See* Dkt. No. 37.[2]

26
    _____
27  [1] The complaint indicates that Ms. Lu is also known as "Meng Jing Lu."  The Court refers to Ms.
    Lu as "Mengjing Lu," as that is the way she refers to herself in her court filings.

28  [2] Ms. Lu moved to transfer venue before filing her "Answer and Countercomplaint" in which she

United States District Court
Northern District of California

1  Ms. Lu moves pursuant to 28 U.S.C. § 1404(a)[3] to transfer this action to the United States

2  District Court for the District of Nevada, where she resides.  Dkt. Nos. 24, 32.  Mr. Lai opposes

3  the motion.  Dkt. No. 27.  The matter is deemed suitable for determination without oral argument.

4  Civil L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court denies Ms.

5  Lu's motion to transfer venue.

6  ## II.    LEGAL STANDARD

7  "For the convenience of parties and witnesses, in the interest of justice, a district court may

8  transfer any civil action to any other district or division where it might have been brought or to

9  any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Section

10  1404(a) "does not condition transfer on the initial forum's being 'wrong' . . . [a]nd it permits

11  transfer to any district where venue is also proper . . . or to any other district to which the parties

12  have agreed by contract or stipulation."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S.

13  49, 59 (2013).

14  To determine whether transfer to another venue is appropriate under section 1404(a),

15  courts apply a two-part test.  *Ctr. for Biological Diversity v. McCarthy*, No. 14-cv-05138-WHO,

16  2015 WL 1535594, at *1 (N.D. Cal. Apr. 6, 2015) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409

17  (9th Cir. 1985)).  First, courts consider whether the action properly could have been brought in the

18  proposed transferee district.  *Id.*  Second, if the case could have been filed in the transferee district,

19  then courts consider whether the case should be transferred to that forum "[f]or the convenience of

20  parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *McCarthy*, 2015 WL

21  1535594, at *1.  The moving party bears the burden of showing that the case could have been

22  brought in the transferee district and that convenience and fairness warrant transfer.  *Doe v. Epic*

23

24  ---

maintains her objection to venue in this District and argues that "Nevada [is] a more appropriate
25  venue."  *See* Dkt. No. 37 ¶ 25.

26  [3] Although Ms. Lu initially argued in her opening motion that venue is improper in the Northern
District of California, *see* Dkt. No. 24 at ECF 2, as discussed below, a transfer pursuant to section
27  1404(a) does not depend on an action being filed in the "wrong" venue.  In her reply, Ms. Lu does
not dispute that venue is proper in this District, but she maintains that the District of Nevada is
28  more convenient.  *See* Dkt. No. 24 at ECF 2.

1    *Games, Inc.*, 435 F. Supp. 3d 1024, 1040 (N.D. Cal. 2020) (citing *Jones v. GNC Franchising, Inc.*,

2    211 F.3d 495, 499 (9th Cir. 2000)).  The moving party "must make a strong showing of

3    inconvenience to warrant upsetting the plaintiff's choice of forum" by showing that factors

4    relating to "the convenience of parties and witnesses" and "the interest of justice" justify a transfer

5    of venue.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

6         In assessing whether convenience and fairness warrant transfer, relevant factors courts may

7    consider include: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the

8    convenience of the witnesses, (4) ease of access to the evidence, (5) each forum's familiarity with

9    the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the

10   controversy, (8) the relative court congestion and time of trial in each forum, and (9) the relevant

11   public policy of the forum state, if any.  *See Epic Games, Inc.*, 435 F. Supp. 3d at 1040; *see also*

12   *Jones*, 211 F.3d at 498-499.  "No single factor is dispositive," *Ctr. for Biological Diversity v.*

13   *Kempthorne*, No. 08-cv-01339-CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citation

14   omitted), and courts have broad discretion under section 1404(a) "to adjudicate motions for

15   transfer according to an individualized, case-by-case consideration of convenience and fairness,"

16   *Jones*, 211 F.3d at 498 (citations and quotations omitted).

17        Mr. Lai agrees that this action could have been filed in the District of Nevada (Dkt. No. 27

18   at ECF 3).  *See* 28 U.S.C. § 1391(b) (venue generally proper in a district where any defendant

19   resides, where "a substantial part of the events or omissions giving rise to the claim occurred," or

20   "a substantial part of the property that is the subject of the action is situated.").  Thus, the only

21   question before the Court is whether relevant factors, discussed below, support the transfer of this

22   case.[4]

23

24   _____

     [4] Ms. Lu claims that Ms. Zhang is a Chinese citizen residing in China.  *See* Dkt. No. 24-1 at ECF
25   1.  Mr. Lai does not refute that assertion and appears willing to accept it for purposes of resolving
     the present motion to transfer venue.  *See* Dkt. No. 27 at ECF 2, 3.  Thus, the Court does not
26   consider Ms. Zhang's residence in ruling on Ms. Lu's motion.  *See* 28 U.S.C. § 1391(c)(3) ("a
     defendant not resident in the United States may be sued in any judicial district, and the joinder of
27   such a defendant shall be disregarded in determining where the action may be brought with respect
     to other defendants."); *see also Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-
28   LHK, 2011 WL 2607158, at *8 (N.D. Cal. July 1, 2011) (residence of foreign defendants "is
     typically disregarded for purposes of determining venue.").

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## III.    DISCUSSION

### A.    Plaintiff's Choice of Forum

In evaluating the weight to be given to the plaintiff's choice of forum, courts consider the extent of the parties' contact with the chosen forum, including contacts relating to the plaintiff's claims for relief. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Although not dispositive, courts give the plaintiff's choice of forum significant weight where there is no evidence that the plaintiff engaged in forum shopping and both plaintiff and defendant have significant contacts with the chosen forum. *See Epic Games*, 435 F. Supp. 3d at 1041.

Mr. Lai chose to file suit in this District, where he is located.  While the record indicates that some matters underlying the present action have a Nevada connection, it also shows that several significant events underlying Mr. Lai's claims occurred in the Northern District of California.  There appears to be no dispute that Ms. Lu retained Mr. Lai to provide legal services in connection with the underlying litigation in California, and that the parties' initial retainer agreement was executed in California around November 2019. *See* Dkt. No. 1 ¶¶ 16, 26, 31; Dkt. No. 27-1 ¶ 3; *see also* Dkt. No. 37 ¶ 1.  The complaint indicates that the underlying litigation lasted about three years from 2019 to 2022. *See* Dkt. No. 1 ¶¶ 26, 27.  Ms. Lu points out that she and Mr. Lai entered into an additional agreement in June 2021, by which time Ms. Lu states that she had relocated to Nevada. *See* Dkt. No. 1 ¶ 31; Dkt. No. 24 at ECF 2; Dkt. No. 24-1 at ECF 1; Dkt. No. 32 at ECF 3.  Ms. Lu says that she has not been in California in the several years since her move to Nevada in February 2021.  Dkt. No. 24 at ECF 2.  While the property that is the subject of this lawsuit is in Nevada, Mr. Lai submits evidence indicating that the alleged fraudulent transfers of that property occurred in 2020 when Ms. Lu was still in California. *See* Dkt. No. 27-1 ¶ 5, Exs. A & B.  There is no indication that Mr. Lai engaged in forum shopping in filing his complaint in this District.  On this record, Mr. Lai's choice of forum is entitled to some deference and weighs against transfer.  For the reasons discussed below, Ms. Lu has not made a sufficiently strong showing to upset Mr. Lai's choice of forum.

4

1

### B.    Convenience of Parties

As noted above, Mr. Lai is located in this District.  He says that he has no business

dealings in Nevada and has traveled there "only two or three times in the past 10 years as a

tourist."  Dkt. No. 27-1 ¶ 4.  Ms. Lu asserts that traveling to the Northern District of California is

"medically prohibitive" due to her age (69 years) and "severe health conditions" of vertigo and

bilateral osteoarthritis in her knees.  Dkt. No. 24 at ECF 2.

A party's medical condition and the potential danger posed if the party is required to travel

are considerations that the Court may consider in determining the propriety of transferring venue.

*See California Writer's Club v. Sonders*, No. 11-cv-02566-JCS, 2011 WL 4595020, at *12 (N.D.

Cal. Oct. 3, 2011).  "However, courts have generally maintained a high standard of proof and

persuasion in making transfer determinations based on a party's medical condition."  *Id*.  Courts

generally will not order a transfer that merely shifts the inconvenience from one party to the other.

*Id*.  As noted above, Ms. Lu must make a "strong showing" of inconvenience in order to upset Mr.

Lai's choice of forum in this District.  *Decker Coal Co.*, 805 F.2d at 843.

Ms. Lu's assertion regarding her travel difficulties is unsupported by any declaration,

including her own.  She has submitted medical records, including a doctor's note, corroborating

the identified medical conditions of bilateral osteoarthritis in the knees.  The doctor's note also

requests that Ms. Lu be excused from traveling or physical activities "due [to] her limited mobility

secondary" to her identified medical conditions.  *See* Dkt. No. 24-2.  While the Court is

unpersuaded by Mr. Lai's argument that the parties bear an equal burden in litigating in the other's

preferred forum (*see* Dkt. No. 27 at ECF 4), the Court also finds that Ms. Lu has not presented a

strong evidentiary basis to conclude that she has a severe health condition that poses a significant

hardship to litigating in this District.  *See California Writer's Club*, 2011 WL 4595020, at *12

(citing cases in which doctor's notes were found insufficient to warrant transfer for litigants with

advanced stage cancer and a neurological disorder that impaired the performance of routine

activities of daily living).  There is no indication on the record presented that Ms. Lu will be

unable to defend herself due to her medical conditions.  While Ms. Lu is not an attorney and is

representing herself, since her appearance in this action Ms. Lu has ably filed several motions

1    seeking various relief, as well as her answer to the complaint and counterclaims.  *See, e.g.,* Dkt.

2    Nos. 16, 22, 23, 24, 37.  Although travel to this District may impose some burden on Ms. Lu, to

3    minimize that burden, the Court will consider requests for permission to appear at pretrial court

4    proceedings by remote means.  This factor does not weigh in favor of transfer.

### C.    Convenience of Witnesses

6    Courts often describe the convenience of witnesses as the most important factor in

7    determining whether a transfer of venue is warranted.  *See Epic Games*, 435 F. Supp. 3d at 1042.

8    To establish the inconvenience to witnesses, "the moving party must name the witnesses, state

9    their location, and explain their testimony and its relevance."  *Id.* (quotations and citation omitted).

10   Ms. Lu vaguely asserts that all of her "potential witnesses" reside in Nevada, but does not identify

11   any specific witness or explain their testimony or its relevance, much less why participation in the

12   litigation in this District would impose a significant burden.  In any event, the record indicates

13   that, aside from Ms. Zhang (whose residence is disregarded for present purposes), the key

14   witnesses in the present action are Mr. Lai and Ms. Lu themselves.  For the reasons discussed

15   above, the convenience of the parties does not warrant a transfer of venue.  Accordingly, the

16   convenience of witnesses also weighs against transfer.

### D.    Access to Evidence

18   This factor is neutral.  Although Mr. Lai asserts that documents from the underlying

19   litigation are in California, it is not apparent why those documents bear on his present fee dispute

20   with Ms. Lu.  Additionally, while the present action is in its early stages, the parties have thus far

21   litigated this matter, including several motions, through electronic filings.  The record strongly

22   suggests that relevant evidence held by the parties is likely located on computers and in electronic

23   communications, all of which are accessible from either district.  *See Epic Games*, 435 F. Supp. 3d

24   at 1042 ("[I]n the age of electronically stored information, the ease of access to evidence is neutral

25   because much of the evidence in this case will be electronic documents, which are relatively easy

26   to obtain in any district.") (citation omitted).  No party has identified any non-party witnesses

27   whose attendance can only be procured by means of compulsory process.  *See Jones*, 211 F.3d at

28   499.

### E.    Familiarity of Each Forum with Applicable Law

Ms. Lu does not address this factor.  Mr. Lai states that "there is no significant difference" between California and Nevada with respect to "the governing law."  Dkt. No. 27 at ECF 4.  As all of the parties' claims appear to be based on state or common law, the familiarity of each forum with the applicable law does not favor either forum.  *See generally Bloom v. Express Servs., Inc.*, No. 11-cv-000090-CRB, 2011 WL 1481402, at *5 (N.D. Cal. Apr. 19, 2011) ("Federal courts have equal ability to address claims arising out of state law.").  This factor is also neutral.

### F.    Any Local Interest in the Controversy

This factor is neutral.  As discussed above, while the record indicates that some of the relevant events occurred in California, Ms. Lu and the property at issue are located in Nevada. While each forum has some interest in the controversy, this factor does not favor either forum.

### G.    Other Factors

Neither Ms. Lu nor Mr. Lai addressed the relative court congestion and time to trial in each forum.  With respect to the differences in costs (if any) of litigating in each forum, Ms. Lu merely alludes, in highly conclusory fashion, to "possible unfair financial burden" (Dkt. No. 24 at ECF 3), while Mr. Lai argues, in equally conclusory fashion, that "there is no significant difference in litigation costs[.]" (Dkt. No. 27 at ECF 4).  The parties have thus provided the Court with no basis to assess these factors.  In addition, neither party addressed any relevant public policy that might bear on the question of transfer, and there is no apparent need to consider the feasibility of consolidation of the claims in this action with other claims.

***

In sum, the Court concludes that Mr. Lai's choice of forum is entitled to some deference; Ms. Lu has not made a sufficient showing that the convenience of the parties and witnesses or access to proof are significant enough to disturb Mr. Lai's choice of forum; and the remaining factors are neutral and do not favor either forum.

## IV.    CONCLUSION

Based on the foregoing, Ms. Lu's motion to transfer this action to the District of Nevada

pursuant to 28 U.S.C. § 1404(a) is denied.

**IT IS SO ORDERED.**

Dated: June 5, 2025

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

8