UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI,

        Plaintiff,

      v.

MENGJING LU, et al.,

        Defendants.

Case No. 24-cv-06470-NW

**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS**

Re: ECF No. 73

On November 7, 2025, Plaintiff Xiaoyong Lai filed a motion to dismiss three of Defendant Mengjing Lu's four amended counterclaims. ECF No. 73.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing scheduled for March 4, 2026, and DENIES the motion.

## I.    BACKGROUND

The factual background in this case was detailed in the Court's October 3, 2025 Order granting Plaintiff's first motion to dismiss Defendant's counterclaims and will not be repeated in detail here. ECF No. 61. The facts and procedural history relevant to the current motion are stated below.

After the Court granted Plaintiff's motion to dismiss Defendant's counterclaim for breach of an oral agreement with leave to amend, Defendant filed an amended answer and counterclaims on October 17, 2025. ECF No. 67, Amended Answer and Counterclaims ("Countercl."). In her amended counterclaims, Defendant asserts four claims against Plaintiff: Breach of Contract (Count I), Unjust Enrichment (Count II), Fraud (Count III), and Breach of Fiduciary Duty (Count IV). *Id.*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

Defendant's amended answer and counterclaims include additional factual allegations and several exhibits, including declarations (Exhibits A, B, and C at ECF Nos. 67-1 to 67-3) and translated text message exchanges (Exhibits D, E, and F at ECF Nos. 67-4 to 67-6). *Id.* Defendant refers to these exhibits throughout her amended answer and counterclaims. *See id.* For instance, Defendant alleges that Exhibit D (ECF No. 67-4), a translated text message exchange between the parties, cemented a written modification to the parties' previous attorney fee agreement. Countercl. ¶ 12.

Plaintiff now moves to dismiss three of Defendant's four counterclaims: her claims for breach of contract (Count I), unjust enrichment (Count II), and breach of fiduciary duty (Count IV). ECF No. 73. Defendant opposed, and Plaintiff submitted a reply. ECF Nos. 77, 79.

## II.    LEGAL STANDARD

To survive a motion to dismiss, a counterclaim plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

Plaintiff makes two arguments in his brief memorandum of points and authorities in support of his motion to dismiss three of Defendant's counterclaims: first that Defendant's counterclaims are barred by the statute of limitations, and next that Defendant's counterclaim for breach of an oral contract is barred by the statute of frauds. ECF No. 73 at 2-3. The Court addresses each in turn.

### A.    Statute of Limitations

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Thus, "a

2

complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

Claims against an attorney, other than for fraud, are subject to either a one-year or four-year statute of limitations. Cal. Civ. Proc. Code § 340.6(a). "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." *Id.* However, as the Court noted in its prior Order, "under well-established principles governing civil litigation, the plaintiff's filing of a complaint suspends the running of the statute of limitations as to any claims by the defendant against the plaintiff that are not time-barred when the action is filed." *Blaser v. State Teachers' Ret. Sys.*, 37 Cal. App. 5th 349, 377 (2019), *as modified on denial of reh'g* (Aug. 6, 2019) (citing authority).

Plaintiff argues that Defendant's claims for breach of contract, unjust enrichment, and breach of fiduciary duty are time-barred. ECF No. 73 at 2-3. In support, Plaintiff states:

> Defendant described a series of events that may pertain to the statute of limitions [sic]: On August 8, 2022, the case was concluded; on December 23, 2022, the interpleader funds were released to Lai's trust account; in January 2023, plaintiff sent defendant a second set of invoices; on Junuary [sic] 17, 2023, defendant filed a complaint against plaintiff with the California State Bar alleging malpractice. The complaint was filed on September 13, 2024.

*Id.* at 3 (citations omitted). Plaintiff then asserts, without explanation, "Even taking January 17, 2023 as the date from which the statute of limitations runs, all cross-claims, except for fraud, are time-barred." *Id.*

Here, the running of the statute of limitations is not apparent from the face of the counterclaim complaint. First, Plaintiff argues that January 17, 2023, the date Defendant filed a California state bar complaint against Plaintiff, is the operative date for the purpose of the statute of limitations. In particular, Plaintiff asserts that Defendant "discover[ed], or through the use of

United States District Court
Northern District of California

reasonable diligence should have discovered, the facts constituting the wrongful act or omission" on this date, which is more than one year from the filing of the complaint on September 13, 2024. Cal. Civ. Proc. Code § 340.6(a).  However, the substance of Defendant's California state bar complaint is unclear from the current record, which includes the amended answer and counterclaims, and the exhibits attached to that document.  The Cout cannot determine whether Defendant's California state bar complaint relates to the same nucleus of facts as the current matter.  Nor did Plaintiff provide a copy of the California state bar complaint or request judicial notice of it.  As such, under the current factual allegations in Defendant's amended answer and counterclaims, the Court lacks information to determine whether the statute of limitations began to run on January 17, 2023, or some other date, and DENIES Plaintiff's motion to dismiss.

### B.    Statute of Frauds

As the Court articulated in its prior Order addressing Plaintiff's first motion to dismiss, the statute of frauds requires certain contracts to be in writing.  Cal. Civ. Code § 1624.  For instance, "[a] contract, promise, undertaking, or commitment to loan money or to grant or extend credit, in an amount greater than one hundred thousand dollars ($100,000)" is invalid if not in writing." § 1624(a)(7).

As alleged in Defendant's amended answer and counterclaims, Defendant asserts the parties' agreement that "[a]ll legal fees incurred prior to December 8, 2021, would be capped at $120,000," and "Defendant would pay Plaintiff an additional $50,000 as a reward if the case was won" is a written agreement.  Countercl. ¶¶ 12, 70.  These allegations are enough to survive a motion to dismiss.

Plaintiff argues that Defendant's claim for breach of an alleged oral agreement violates the statute of frauds and is invalid.  ECF No. 73 at 3.  In support, Plaintiff asserts the following:

> [T]he declarations are mere hearsay. The text messages, although cut off from the context, are not subscribed to or signed by plaintiff. Nor does the message show the essential terms, such as the asserted waiver of future fees. Therefore, there is insufficient writing to enable the defendant to satisfy the requirements of the statute of fraud.

*Id.*  These arguments are factual in nature and therefore inappropriate on a motion to dismiss.

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendant's amended counterclaims is DENIED.  Plaintiff is ORDERED to respond to the counterclaim complaint no later than by Wednesday, March 18, 2026.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Noël Wise
United States District Judge