UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOYONG LAI,<br><br>               Plaintiff,<br><br>      v.<br><br>MENGJING LU, et al.,<br><br>               Defendants. | Case No. 24-cv-06470-NW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO QUASH**<br><br>Re: ECF Nos. 71, 76 |

United States District Court
Northern District of California

Two motions relating to service of process on Defendant Lu Zhang are currently pending before this Court: (1) Defendant Mengjing Lu's motion for reconsideration of the Court's order discharging its order to show cause and setting a deadline for Zhang's response to the complaint and (2) Defendant Zhang's motion to quash.  ECF Nos. 71, 76.[1]  Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for March 4, 2026, and DENIES both motions.

To start, Defendant Mengjing Lu[2] filed a motion for reconsideration, without seeking leave to do so, as required by Civil Local Rule 7-9(a).  ECF No. 71.  Putting aside that failure, Defendant has shown no valid basis for reconsideration.  *See* Civil L.R. 7-9(b) (stating that a moving party must show "reasonable diligence in bringing the motion" and one of the following: (1) a material difference in fact or law that the moving party did not know of at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a "manifest failure by the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The complaint indicates that Ms. Lu is also known as "Meng Jing Lu." The Court refers to Ms. Lu as "Mengjing Lu," as that is the way she refers to herself in her court filings.

Court to consider material facts or dispositive legal arguments"). Thus, the motion for reconsideration is DENIED.

Although this case has been pending for nearly a year and a half, Defendants Lu and Zhang continue to make the same assertions that have already been rejected by this Court, regarding service of process on Defendant Lu Zhang. As detailed in two prior orders regarding service, Defendants maintain that Defendant Zhang is a Chinese citizen residing in China and that Defendant Lu did not have authority to accept legal documents for Defendant Zhang, even though she signed "Lu Zhang" on two postal receipts. *See* ECF Nos. 38 and 68. Defendants' proclamations are self-serving, contradicted by evidence in the record, and previously rejected by this Court. ECF No. 68.

First, Defendant Zhang declares she is "a citizen and permanent resident of the People's Republic of China." Zhang Decl. ¶ 2, ECF No. 76-1. However, Zhang also states that she is "on title for the property located at 4284 Newcastle Road, Las Vegas, NV." *Id.* ¶ 3. Indeed, although she claims not to have "resided or been physically present in the United States" during the past ten years, she admits in the same sentence to a "brief visit in February 2024." *Id.* Zhang describes neither the nature of this visit nor the duration. Additionally, although Zhang states that she "attached a copy of [her] People's Republic of China passport as Exhibit B" to her declaration, no exhibits are included. The Court finds that this, and the internal inconsistencies in Zhang's declaration, undermine her credibility.

Second, Defendant Zhang asserts that she has "not authorized any person, including Meng Jing Lu, to accept service of legal documents on [her] behalf." *Id.* ¶ 5. However, as noted by two prior orders of this Court, *see* ECF Nos. 38, 68, Plaintiff filed two documents indicating both Defendants were served via certified mail, at the same address in Las Vegas, Nevada, and both postal return receipts have the signature for "Lu Zhang" next to a marked box labeled "Agent," ECF Nos. 13, 14. After a hearing, the Court found "Mengjing Lu's testimony–as to signing the name 'Lu Zhang' to both postal receipts, and as to not having authority to accept service on behalf of Lu Zhang—was not credible." ECF No. 68 at 2. Similarly, given the internal inconsistencies in Zhang's declaration noted above, coupled with the conclusory nature of Zhang's statement that

*United States District Court*
*Northern District of California*

she has not authorized anyone to accept legal service on her behalf, the Court maintains its prior finding that "[s]ervice was valid on Lu Zhang as of at least January 22, 2025." *Id.* Therefore, the Court DENIES Zhang's motion to quash and ORDERS Defendant Lu Zhang to respond to the complaint no later than by Wednesday, March 18, 2026.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Noël Wise
United States District Judge