JEFF A. MANN, ESQ. (Calif. SBN 115932)
LAW OFFICE OF JEFF A. MANN
3600 Wilshire Boulevard, Suite 1014
Los Angeles, California 90010
Telephone: (213) 480-1902
Facsimile: (213) 480-0410

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOYONG LAI | ) CASE NO.: **5:24-cv-06470-NW** |
| Plaintiff, | ) **DEFENDANT MENGJING LU'S** |
| | ) **MOTION TO EXPUNGE NOTICE OF** |
| vs. | ) **PENDENCY OF ACTION (LIS PENDENS)** |
| | ) **AND REQUEST FOR ATTORNEY'S** |
| | ) **FEES AND COSTS** |
| MENG JING LU a.k.a. MENGJING LU, an | ) |
| individual: and LU ZHANG, an individual | ) Action commenced: 9/13/2024 |
| Defendants. | ) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Mengjing Lu hereby moves this Court for an order

expunging the Notice of Pendency of Action ("Lis Pendens") recorded against the real property

commonly known as:

**4284 Newcastle Road, Las Vegas, Nevada 89103 (APN: 163-23-113-111)**

This motion is made pursuant to applicable state law governing lis pendens, including

California Code of Civil Procedure §§ 405.30–405.32 and Nevada Revised Statutes §§ 14.015

and 14.017, and the Court's inherent authority.

**DEFENDANT MENGJING LU'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

-1-

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the pleadings and records on file, and such further evidence and argument as may be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff has recorded a lis pendens, herein attached as Exhibit 1, against Defendant's Nevada property in connection with what is, at its core, a dispute over alleged unpaid attorney's fees. A lis pendens is an extraordinary remedy that is only appropriate where a lawsuit directly affects title or possession of real property. It cannot be used as a tactical weapon to secure or coerce payment of a disputed monetary claim.

Because Plaintiff's claims do not constitute a valid real property claim—and because Plaintiff cannot establish the probable validity of any such claim—the lis pendens must be expunged.

**II. FACTUAL BACKGROUND**

Plaintiff filed this action asserting claims including breach of contract, common counts, and fraudulent transfer.

Plaintiff alleges that on August 31, 2020, Defendant Lu executed a grant deed transferring the property located at 4284 Newcastle Road, Las Vegas, Nevada, and that the deed was recorded on September 14, 2020.

Plaintiff recorded a Notice of Pendency of Action against the property in connection with this lawsuit, which was filed on **September 13, 2024.**

The lis pendens purports to affect title to the Nevada property but is based on Plaintiff's claim that the transfer was fraudulent and should be set aside to satisfy an alleged debt.

//

//

## III. LEGAL STANDARD

In federal court, the validity and expungement of a lis pendens is governed by applicable state law.

A lis pendens must be expunged where:

1. The pleading does not assert a **real property claim,** or

2. The claimant cannot establish the **probable validity** of such claim

A "real property claim" requires that the action, if successful, would directly affect title or the right to possession of real property—not merely provide a basis to collect a monetary judgment.

## IV. ARGUMENT

### A. Plaintiff's Claims Do Not Support a Lis Pendens

Plaintiff's lawsuit is fundamentally a dispute over attorney's fees and seeks monetary damages. Although Plaintiff asserts a cause of action for fraudulent transfer, that claim is derivative of a debt collection effort and does not convert this case into a true dispute over title or possession. Courts consistently hold that:

- A lis pendens cannot be used as a **collection device**

- Claims seeking to reach property to satisfy a debt are **not real property claims**

Because Plaintiff's claims are primarily monetary, the lis pendens is improper and must be expunged.

### B. Plaintiff Cannot Establish the Probable Validity of Any Real Property Claim

Even if the Court considers the fraudulent transfer claim, Plaintiff cannot establish its probable validity.

The alleged transfer occurred in:

- **August 31, 2020 (execution)**

- **September 14, 2020 (recording)**

DEFENDANT MENGJING LU'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AND REQUEST FOR ATTORNEY'S FEES AND COSTS

-3-

However, this lawsuit was not filed until **September 13, 2024.**

Under applicable law, fraudulent transfer claims are subject to a four-year statute of limitations.

Plaintiff's claim is therefore likely **time-barred.**

Additionally, Defendant has disputed the allegations and asserted legitimate reasons for the transfer, further undermining any showing of probable validity.

Because Plaintiff cannot demonstrate a likelihood of success, the lis pendens must be expunged.

**C. Nevada Law Further Supports Expungement**

The subject property is located in Nevada.

Under Nevada law:

- A lis pendens must be based on a **valid claim affecting title**
- Wrongful lis pendens filings may give rise to damages

Here, Plaintiff's claim does not directly determine ownership of the property and instead seeks to leverage the property to satisfy a debt.

Accordingly, the lis pendens is improper under Nevada law as well.

**D. The Lis Pendens Is Improperly Being Used to Gain Leverage**

The lis pendens has the effect of:

- Clouding title
- Preventing sale or refinancing
- Imposing substantial burden on Defendant

This is precisely the type of misuse courts seek to prevent. The lis pendens here is not a legitimate notice of a real property dispute—it is an improper litigation tactic designed to encumber title and force payment of a disputed debt.

//

//

**DEFENDANT MENGJING LU'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

-4-

## V. REQUEST FOR ATTORNEY'S FEES AND COSTS

Defendant respectfully requests an award of attorney's fees and costs incurred in bringing this Motion.

### A. Fees Are Mandatory Under CCP § 405.38

California Code of Civil Procedure § 405.38 provides that the Court **shall** award reasonable attorney's fees and costs to the prevailing party on a motion to expunge a lis pendens unless the opposing party acted with substantial justification. Here:

- Defendant will be the prevailing party

- Plaintiff lacked substantial justification

- The lis pendens was used improperly as a collection tool

Accordingly, an award of fees and costs is mandatory.

### B. Fees Are Also Warranted Under Nevada Law

Under Nevada law, a wrongful lis pendens may result in liability for damages and costs. Because the lis pendens was improperly recorded against Nevada property without a valid basis, Defendant is entitled to recover fees and costs under Nevada law as well.

### C. Plaintiff Lacked Substantial Justification

Plaintiff lacked any reasonable basis to maintain the lis pendens because:

1. The action is primarily for monetary relief

2. The claim is likely time-barred

3. The lis pendens is being used to coerce payment

### D. Amount of Fees

Defendant will submit a declaration establishing the amount of fees and costs incurred, or requests that the Court set a schedule for such submission.

DEFENDANT MENGJING LU'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AND REQUEST FOR ATTORNEY'S FEES AND COSTS

-5-

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. **Expunge the Notice of Pendency of Action** recorded against 4284 Newcastle Road, Las Vegas, Nevada;

2. **Award Defendant reasonable attorney's fees and costs** pursuant to applicable law; and

3. Grant such other relief as the Court deems just and proper.

DATED: April 20, 2026

LAW OFFICE OF JEFF A. MANN

BY: _____
JEFF A. MANN, ESQ.
Attorney for Defendants

DEFENDANT MENGJING LU'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION (LIS PENDENS) AND REQUEST FOR ATTORNEY'S FEES AND COSTS

-6-

EXHIBIT 1

Xiaoyong Lai, #275396
Law Offices of X. Young Lai
84 W. Santa Clara St. Ste 700
San Jose, CA 95113
TEL: (408)228-3995
FAX: (866)610-9505
gagelegal@gmail.com

Xiaoyong Lai, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI,

        Plaintiff

        vs.

MENG JING LU a.k.a. MENGJING LU,
an individual; and
LU ZHANG, an individual

        Defendants.

Case No. 24-cv-06470-NW

NOTICE OF PENDENCY OF ACTION

Notice is hereby given that the above-entitled action was filed in the above-entitled court on September 13, 2024, by Plaintiff against Defendants. The action affects the title to the specific real property identified in the Complaint.

The specific real property affected by the action is located in the County of Clark, State of Nevada, commonly known as 4284 Newcastle Road, Las Vegas, Nevada; APN: 163-23-113-111. The legal description is as follows:

Lot One Hundred Five (105) in Block Nine (9) of Laurelwood Spring Valley Unit No. 4, as shown by Map thereof on file in Book 18 of Plats, Page 33, in the Office of the County Recorder of Clark County, Nevada.

DATED: 4/1/2026

By: _____

Xiaoyong Lai, Plaintiff

NOTICE OF PENDENCY OF ACTION

1

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**　　　　　　　**CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California ⟩

County of _Santa Clara_ ⟩

On _April 1st 2026_ before me, _Savanna V. Bidwell, notary public_
　　　　Date　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _Xiaoyong Lau_
　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Savanna V. Bidwell_
　　　　　　　Signature of Notary Public

SAVANNA V. BIDWELL
COMM. # 2487554
NOTARY PUBLIC • CALIFORNIA
SANTA CLARA COUNTY
My Comm Expires April 21, 2028
ENC1

Place Notary Seal Above

───────────── **OPTIONAL** ─────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Notice of Pendency of action_　Document Date: _4/01/26_
Number of Pages: _2_　Signer(s) Other Than Named Above: _n/a_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Xiaoyong Lau_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☒ Individual　　☐ Attorney in Fact
☐ Trustee　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _himself_

Signer's Name: _n/a_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　　☐ Attorney in Fact
☐ Trustee　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)　Item #5907

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is Law Office of X. Young Lai , 84 W. Santa Clara St., Ste 700, San Jose, CA 95113

On 4/1/2026 , I caused the foregoing document(s) described as NOTICE OF PENDENCY OF ACTION on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addresses as stated on the attached service list:

[X    ]         BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED - I deposited such envelope in the mail at San Jose, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under the practice I would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Jose, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[     ]         BY PERSONAL SERVICE   - I caused such envelope to be delivered by a process server employed by [Name of process server] .

[     ]         BY ELETRONIC TRANSMISSION - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the email address(es) indicated.

[     ]         BY OVERNIGHT DELIVERY – I deposited such envelope for collection and delivery by USPS with delivery fees paid or provided for in accordance with ordinary practices. I am readily familiar with the firm's practice of collection and processing packages for overnight delivery by USPS for receipt on the same day in the ordinary course of business.

[     ]         (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X    ]         (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: 4/1/2026                        LAW OFFICES OF X. YOUNG LAI

By:_____

Xiaoyong Lai, plaintiff

---

NOTICE OF PENDENCY OF ACTION

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

**CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of _Santa Clara_ )

On _April 1st, 2026_ before me, _Savanna V. Bidwell, notary public_
　　　　Date　　　　　　　　　　　　　　　Here Insert Name and Title of the Officer

personally appeared _Xiaoyeng Lai_
　　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Savanna V. Bidwell_
　　　　　　　Signature of Notary Public

> **SAVANNA V. BIDWELL**
> COMM. # 2487554
> NOTARY PUBLIC • CALIFORNIA
> SANTA CLARA COUNTY
> My Comm. Expires April 21, 2028
> ENC1　ENC1

Place Notary Seal Above

────────────── **OPTIONAL** ──────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Proof of Service_　Document Date: _4/01/26_
Number of Pages: _2_　Signer(s) Other Than Named Above: _n/a_

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _Xiaoyeng Lai_ | Signer's Name: _n/a_ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☒ Individual　☐ Attorney in Fact | ☐ Individual　☐ Attorney in Fact |
| ☐ Trustee　☐ Guardian or Conservator | ☐ Trustee　☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _himself_ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)　Item #5907

JEFF A. MANN, ESQ. (Calif. SBN 115932)
LAW OFFICE OF JEFF A. MANN
3600 Wilshire Boulevard, Suite 1014
Los Angeles, California 90010
Telephone: (213) 480-1902
Facsimile: (213) 480-0410

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI

    Plaintiff,

vs.

MENG JING LU a.k.a. MENGJING LU, an individual: and LU ZHANG, an individual

    Defendants.

CASE NUMBER: **5:24-cv-06470-NW**

**DECLARATION OF MENGJING LU IN SUPPORT OF MOTION TO EXPUNGE LIS PENDENS**

## DECLARATION OF MENGJING LU

I, Mengjing Lu, declare as follows:

1. I am a Defendant in this action and submit this declaration in support of my Motion to Expunge Lis Pendens.

2. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3. The property that is the subject of the lis pendens is located at:

**4284 Newcastle Road, Las Vegas, Nevada 89103.**

4. This property is located in Clark County, Nevada.

5. On or about **August 31, 2020**, I executed a grant deed transferring the property.

6. The deed was recorded on or about **September 14, 2020**.

7. Plaintiff's lawsuit is primarily a dispute over alleged attorney's fees.

8. Plaintiff claims that I owe money for legal services and is attempting to use this lawsuit to collect that alleged debt.

9. This case is not a quiet title action and does not involve competing claims of ownership in the traditional sense.

10. Plaintiff recorded a Notice of Pendency of Action against my Nevada property in connection with this lawsuit.

11. The lis pendens has caused significant harm by clouding title to my property.

12. As a result of the lis pendens:

   • I am unable to freely sell or refinance the property;

   • The property is effectively encumbered;

   • I have suffered financial and practical hardship.

13. The lis pendens is not based on a legitimate real property dispute.

14. Plaintiff is using the lis pendens as leverage to pressure payment of a disputed debt.

15. The alleged transfer occurred in 2020, more than four years before this lawsuit was filed in 2024.

16. I have incurred costs in preparing and filing this Motion, including:

   • Filing fees

   • Copying and service costs

   • Time spent preparing legal documents

17. I respectfully request that the Court award me my costs and any recoverable fees associated with this Motion.

18. The lis pendens is improper and has caused unnecessary harm.

19. I respectfully request that the Court expunge the lis pendens and award appropriate costs and fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: April, 7. 2026

Mengjing Lu

MENGJING LU

JEFF A. MANN, ESQ. (Calif. SBN 115932)
LAW OFFICE OF JEFF A. MANN
3600 Wilshire Boulevard, Suite 1014
Los Angeles, California 90010
Telephone: (213) 480-1902
Facsimile: (213) 480-0410

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI

    Plaintiffs,

vs.

MENG JING LU a.k.a. MENGJING LU, an individual: and LU ZHANG, an individual

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER: **5:24-cv-06470-NW**

DECLARATION OF JEFF A. MANN FOR ATTORNEY FEES

Action commenced: 9/13/2024

## <u>DECLARATION OF JEFF A. MANN</u>

I, Jeff A. Mann, declare:

1. I am an attorney at law licensed to practice in the State of California, and am the attorney of record for defendant in the above-entitled action.

2. I sent Mr. Lai a Meet and Confer Letter on April 7, 2026, herein attached as Exhibit 2.

3. I have received no response from Mr. Lai and therefore, I had no choice but to file Motion to Expunge.

4. My hourly billing is $550.00 per hour as I been in practice for over 40 years.

5. I spent 4 hours researching and preparing for this Motion to Expunge.

6. I am seeking $2,200.00 in attorney fees for filing this Motion.

7. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 20, 2026 at Los Angeles, California.

Dated: April 20, 2026

LAW OFFICES OF JEFF A. MANN

JEFF A. MANN
Attorney for Plaintiff,
SANTIAGO PERDUMO

# EXHIBIT 2

# JEFF A. MANN

ATTORNEY AT LAW
3600 WILSHIRE BOULEVARD
SUITE 1014
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (213) 480-1902
FACSIMILE (213) 480-0410
jeffmannlaw@att.net

April 7, 2026

Via Email

X. Young Lai
Law Offices of X. Young Lai
111 N. Market St., Suite 300
San Jose, CA 95113
Email: gagelegal@gmail.com

*Re: Lai v. Lu, Case No. 5:24-cv-06470-NW*
*Meet and Confer re: Lis Pendens on 4284 Newcastle Road, Las Vegas, NV*

Dear Mr. Lai:

I write to meet and confer regarding the Notice of Pendency of Action (Lis Pendens) you recorded against my client's property located at 4284 Newcastle Road, Las Vegas, Nevada.

As you are aware, the lis pendens is improper and unsupported by the claims in this action.

First, your lawsuit is fundamentally a fee dispute seeking monetary damages, not a true real property action. The presence of a fraudulent transfer claim does not convert this matter into one directly affecting title or possession of real property. Courts consistently hold that a lis pendens cannot be used as a tool to secure or leverage payment of a disputed debt.

Second, the alleged transfer occurred on August 31, 2020, and was recorded on September 14, 2020, yet this action was not filed until September 2024. Your claim is therefore likely time-barred, and you cannot establish the probable validity required to support a lis pendens.

Third, the property is located in Nevada, and the lis pendens is causing substantial and ongoing harm by clouding title and interfering with my ability to use, refinance, or transfer the property.

For these reasons, I demand that you voluntarily withdraw and expunge the lis pendens within five (5) days of the date of this letter.

If you do not do so, I will proceed with filing a Motion to Expunge Lis Pendens and will seek recovery of all available fees and costs, including under California Code of Civil Procedure § 405.38 and applicable Nevada law governing wrongful lis pendens.

This letter is sent in a good faith effort to resolve this issue without Court intervention. Please confirm in writing whether you will withdraw the lis pendens.

LAW OFFICES OF JEFF A. MANN

Jeff A. Mann / Attorney at Law