Xiaoyong Lai, #275396
Law Offices of X. Young Lai
84 W. Santa Clara St. Ste 700
San Jose, CA 95113
TEL: (408)228-3995
FAX: (866)610-9505
gagelegal@gmail.com

Xiaoyong Lai, Pro per

# IN THE UNITED STATES DISTRICT COURT

# FOR NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI,

        Plaintiff

        vs.

MENG JING LU a.k.a. MENGJING LU,
an individual; and
LU ZHANG, an individual

        Defendants.

Case No. 24-cv-06470-NW

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO EXPUNGE
LIS PENDENS

Date:
Time: 9:00 a.m.
Courtroom: 3
Judge: Hon. Noel Wise

     COME NOW, Plaintiff, respectfully submits this Opposition to Defendant's Motion to Expunge

Lis pendens. The Brief is based upon the accompanying Memorandum of Points and Authorities, and

evidence that may be presented by the moving party prior to or at the hearing.


     Dated: 5/4/2026            ____/s/ Xiaoyong Lai_____

                        Xiaoyong Lai, Plaintiff

---

OPPOSITION TO MOTION TO EXPUNGE LIS PENDENS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL STANDARD**

> At any time after notice of pendency of action has been recorded, any party, or any nonparty with *an interest* in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice…. Evidence or declarations may be filed with the motion to expunge the notice. The court may permit evidence to be received in the form of oral testimony, and may make any orders it deems just to provide for discovery by any party affected by a motion to expunge the notice. The claimant shall have the burden of proof under Sections 405.31 and 405.32.

(Cal. Code Civ. Proc., § 405.30.) The moving party may submit evidence with the motion, and the court may hear oral testimony. (*Ibid.*) A motion to expunge may be made on the grounds that the underlying action does not contain a real property claim. (Code Civ. Proc. § 405.31.) "'Real property claim' means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public utility." (Code Civ. Proc. § 405.4.) Additionally, a motion to expunge may be made on the grounds that the claimant has failed to establish the probable validity of the real property claim. (Code Civ. Proc. § 405.32.) Code of Civil Procedure section 405.3 defines "probable validity" as "more likely than not' that the real property claimant will prevail against the defendant in the action. The claimant must make a showing that he or she is likely to prevail on the merits, much as one seeking an attachment must show the probable merit of the underlying lawsuit. (See Code Civ. Proc. §§ 481.190, 484.090; see also *Amalgamated Bank v. Superior Court* (2007) 149 Cal. App. 4th 1003, 1012.)

**DISCUSSION**

**A.  No Notice of Hearing Was Made.**

Under the local rules of the Northern District of California, motions must be filed, served, and noticed in writing for a hearing date at least 35 days after the filing of the motion, unless otherwise ordered or permitted by the assigned judge or the local rules. (N.D. Cal. Civil L.R. 7-2.) Defendant Lu failed to notice the motion hearing, and therefore, the motion is defective.

**B.  Defendant Lu Failed to Show her Interest in the Property.**

Defendant Lu transferred the property to Zhang by a grant deed in 2020. (Ex. D.) Therefore, she has no interest in the property. At the very least, she failed to demonstrate a beneficial interest in the property. (See *Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 809 [wrongful foreclosure borrower must demonstrate standing by alleging a "beneficial interest" that was "concrete

and actual, and not conjectural or hypothetical."] Consequently, she has no standing to bring this motion. In addition, Lu's motion provides furthers evidence that the transfer to Zhang was fraudulent.

### C. The Fraudulent Transfer Action is the Real Property Claim.

A lis pendens may be filed by any party in an action who asserts a "real property claim." (Cal. Code Civ. Proc., § 405.20.) A "real property claim" means "the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property…." (*Id*., § 405.4.) "Under sections 405.2 and 405.4, subdivision (a), a lis pendens is only authorized in actions that affect title to, or the right to possession of, specific real property." (*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1860.)

"The pertinent facts, therefore, are those alleged in the complaint, which are assumed to be true for the purpose of the *demurrer-like ruling* under section 405.31." (*BGJ Associates v. Superior Court* (1999) 75 Cal.App.4th 952, 958.) "In determining whether the claims in the pleading affect title to or possession of specific real property the courts have not interpreted 'affect' literally; they have looked instead to *the substance* of the dispute. The issue presented is a question of law for the appellate court's de novo review." (*Ibid.*, p. 970, emphasis added.) "Review involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticed as on a demurrer. Therefore, review of an expungement order under section 405.31 is limited to whether a real property claim has been properly pled by the claimant." (*Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 648.) Where a claimant seeks to void a fraudulent transfer, a fraudulent conveyance claim supports a lis pendens under Cal. Code Civ. Proc. § 405.31. (*Ibid.* at p. 651.)

> Civil Code section 3439.07 sets forth the remedies in a fraudulent conveyance action. Under subdivision (a)(1) of that section, a creditor who makes a successful fraudulent conveyance claim may obtain '[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.' Therefore, a fraudulent conveyance claim requesting relief pursuant to Civil Code section 3439.07, subdivision (a)(1), if successful, may result in the voiding of a transfer of title of specific real property. ***By definition, the voiding of a transfer of real property will affect title to or possession of real property***. Therefore, a fraudulent conveyance action seeking avoidance of a transfer under subdivision (a)(1) of Civil Code section 3439.07 clearly 'affects title to, or the right to possession of' (Code Civ. Proc., § 405.4) real property and is therefore a real property claim for the purposes of the lis pendens statutes.

(*Kirkeby*, 33 Cal.4th at p. 649, emphasis added.)[1]

---

[1] Similarly under Nevada law, a fraudulent transfer action can support the filing of a lis pendens. The Nevada Supreme Court has clarified that such actions are considered to "affect the title or possession of real property" under Nev. Rev. Stat. Ann. § 14.010. 1), which is the statutory basis for recording a lis pendens. Specifically, the Nevada Supreme Court in *Tahican v.*

Plaintiff alleges both actual and constructive fraudulent transfer. (Compl. ¶¶37-47.) Because the fraudulent transfer action is a real property claim, upon which lis pendens is based.

**D.      The Claim is not Time-Barred.**

Here, Defendant Lu does not really dispute that the fraudulent action is probably valid. Instead, she asserted an affirmative defense that the action was barred by the statute of limitations.

Although the plaintiff-claimant has only the burden of showing "the probable validity of a real property claim" (Code Civ. Proc., § 405.32), "because the statute of limitations is an affirmative defense, a defendant who asserts the plaintiff's claims are partially barred by the statute of limitations has the burden of proving which portion of plaintiff's damages are time-barred." (*Ladd v. Warner Bros. Entertainment, Inc.* (2010) 184 Cal.App.4th 1298, 1301.)

Here, defendant asserts that "Plaintiff's claim is therefore ***likely*** time-barred." (Mot., 4:3, emphasis added). Under Cal Civ Code § 3439.09, the statute of limitations for fraudulent transfers is generally four years from the date the transfer was made or the obligation was incurred, or, in cases of intentional fraud, one year from the date the fraud was or could reasonably have been discovered, whichever is later. (Cal Civ Code § 3439.09.) Moreover, Cal Civ Code § 3439.09(c) imposes an absolute seven-year limit from the date the transfer was made, beyond which no action may be brought, regardless of discovery. (Cal Civ Code § 3439.09.)

> (a) A transfer is made: [¶](1) With respect to an asset that is real property other than a fixture, but including the interest of a seller or purchaser under a contract for the sale of the asset, when the transfer is so far ***perfected*** that a good faith purchaser of the asset from the debtor against which applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee.

(Cal Civ Code § 3439.06, emphasis added.) "A conveyance is 'perfected,' meaning it gives constructive notice of its contents, ***upon its recordation***." (*Bear Creek Master Assn. v. Southern California Investors, Inc.* (2018) 28 Cal.App.5th 809, 818., emphasis added.) Although the transfer of real property is effective upon execution and delivery of the deed, for purposes of the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.),  the transfer of real property is considered to have occurred upon recordation.  (*Fujifilm*

---

*Eighth Judicial Dist. Court of Nev*. (2023). 139 Nev. 11, 12 held that a fraudulent transfer claim seeking to avoid the transfer of real property qualifies as an action affecting the title or possession of real property, even if the plaintiff does not claim an ownership or possessory interest in the property.

*Corp. v. Yang* (2014) 223 Cal.App.4th 326, 336.) "The recordation date is the applicable transfer date under California and federal law." (*Perez v. Bui (In re Tenorio*) (Bankr.9th Cir. Feb. 8, 2018, No. CC-17-1102-FLKu) 2018 Bankr. LEXIS 456, at *21.)

As defendant herself admitted that the grant was recorded on September 14, 2020 (Exh. D), and the complaint was filed on September 13, 2024. Therefore, even without the discovery rule, the complaint was timely filed.

Dated:  5/4/2026        /s/ Xiaoyong Lai

Xiaoyong Lai, Plaintiff