United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI,

Plaintiff,

v.

MENG JING LU and LU ZHANG,

Defendants.

Case No. 5:24-cv-06470-NW (SVK)

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

Re: Dkt. No. 105

Before the Court is Plaintiff Xiaoyong Lai's Motion for Sanctions against Defendants Meng Jing Lu ("Defendant Lu") and Lu Zhang ("Defendant Zhang").[1] Dkt. 105 (the "Motion"). Plaintiff contends that Defendants violated the Court's prior discovery order by refusing to provide adequate responses to Plaintiff's interrogatories ("ROGs") and requests for production of documents ("RFPs"), and by failing to appear for their noticed depositions. Motion at 8. Plaintiff further contends that these alleged deficiencies warrant the imposition of terminating sanctions under Rule 37(b)(2)(A).[2] *Id.* Defendants oppose the Motion. Dkt. 107 (the "Opposition"). The Court finds the Motion suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART**, partially with and partially without prejudice, the Motion as specified below.

////

////

[1] Plaintiff has also filed motions to reopen discovery and for partial summary judgment. Dkts. 101, 103. To the extent the former is relevant, it is addressed below. *See, infra*, § IV. n. 5.

[2] Unless otherwise noted, a "Rule" refers to the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

## I. BACKGROUND

This action arises out of a dispute between Plaintiff, an attorney, and his former client, Defendant Lu. *See* Dkt. 1. Plaintiff, appearing *pro se*, brings claims against Defendant Lu for unpaid attorney's fees, as well as claims for conspiracy and fraudulent transfer, alleging that Defendant Lu transferred real property to her niece, Defendant Zhang, to avoid paying the debt. *See id*. Defendant Lu, in turn, asserts several counterclaims against Plaintiff and alleges that she has filed a complaint against him with the California State Bar. Dkt. 67 ¶¶ 24, 68-85.

On March 3, 2026, Plaintiff served interrogatories and requests for production ("RFPs") on Defendants. Dkt. 92 ¶ 4. On March 5, 2026, Plaintiff noticed the depositions of Defendants for April 1 and 2, 2026. *Id.* The present Motion follows Plaintiff's subsequent efforts to obtain responses to these written discovery requests and secure Defendants' attendance at their depositions.

### A. Defendants' First Deficient Responses and The Court's Order

The underlying discovery dispute first came before the Court in May 2026. On May 15, 2026, the Parties filed a joint discovery letter in which Plaintiff identified several alleged deficiencies in Defendants' responses to his discovery requests. Dkt. 97. Specifically, Plaintiff asserted that Defendant Zhang had failed to respond to any of Plaintiff's written discovery requests, Defendant Lu had served responses consisting almost entirely of objections and neither Defendant had appeared for their noticed depositions. *Id.* at 2.

On May 20, 2026, the Court issued an order compelling Defendants to provide further discovery responses and attend depositions. Dkt. 100 (the "Prior Order"). The Court ordered Defendant Zhang to respond to all written discovery requests without objection. Prior Order at 2. With respect to Defendant Lu, the Court considered each of her objections to Plaintiff's interrogatories and RFPs, together with the Parties' stipulated and adopted model protective order (Dkt. 99) and provided detailed guidance regarding the scope of her required responses to each request. Dkt 100-1. The Court also ordered both Defendants to make themselves available for depositions and produce the documents identified in their deposition notices. Prior Order at 2.

////

United States District Court
Northern District of California

**B. Defendants' Second Responses**

As of the filing of this Order, Defendants have not made themselves available for deposition. *Id* ¶¶ 20, 23. Defendants did, however, supplement their responses to Plaintiff's interrogatories and RFPs, dated May 20, 2026 and verified May 23, 2026, (*see, e.g.* Dkt. 106-2 at 10), which Plaintiff received on May 29, 2026. *See* Dkt. 106 ¶ 7.

On July 10, 2026, Plaintiff filed the present Motion arguing that, in their written responses, Defendants "produced only a minimal number of documents and refused to provide any meaningful responses or documents regarding the alleged fraudulent transfers." Motion at 7-8; *see also* Dkt. 106-1 at 2-3. This conduct, Plaintiff argues, constitutes a direct violation of the Prior Order and warrants the imposition of discovery sanctions under Rule 37(b)(2)(A). Motion at 8.

Defendants disagree, asserting that their written responses fully complied with the Prior Order; "Plaintiff Lai simply disagrees with the content of certain answers and speculates that additional documents must exist." Opposition at 4. Defendants further contend that, even assuming *arguendo* that they failed to comply with the Prior Order, any such noncompliance was substantially justified, rendering sanctions unwarranted. Opposition at 13.

**II. LEGAL STANDARD**

"If a party … fails to obey an order to provide or permit discovery," the Court may issue sanctions. Fed. R. Civ. P. 37(b)(2)(A). Such sanctions include "prohibiting the disobedient party from supporting or opposing designated claims" or "directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims." *Id.* "The imposition and selection of particular sanctions are matters left to the sound discretion of the trial court." *Goldberg v. TeachBK, Inc.*, No. 24-cv-04525-LJC, 2026 WL 242035, at *2 (N.D. Cal. Jan. 29, 2026).

////

////

////

////

////

United States District Court
Northern District of California

### A. Dispositive Sanctions: Dismissal, Default and Their Functional Equivalents

"'Dispositive' sanctions such as dismissal, default, and their functional equivalents … must meet a higher standard. [N]oncompliance must be due to willfulness, fault or bad faith." *In re Tan*, 2007 WL 7541007, at *6 (B.A.P. 9th Cir. Sept. 28, 2007); *see also Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). At the outset, the Court confirms that the sanctions sought by Plaintiff are all dispositive. Plaintiffs' primary request is that the Court "strike Defendant's answer and enter a default," which Plaintiff concedes is "a terminating sanction."[3] Motion at 1, 8. Plaintiff's secondary request is that, "in the alternative, [the Court] deem the matters in the action established." *Id.* at 1. To the extent Plaintiff's reference to "the matters in the action" means "all of his factual allegations," that is "tantamount to dismissal" and so is a dispositive sanction. *See Colutions, LLC v. Ventura Seed Co, LLC*, No. 2:22-cv-00818-WLH-GJS, 2024 WL 4738214, at *9 (C.D. Cal. July 23, 2024). To the extent Plaintiff only requests the Court "order the claim for fraudulent transfer asserted in Plaintiff's Complaint be established," (*see* Motion at 8), and whether Plaintiff makes this request under subsections (b)(2)(A)(i) or (b)(2)(A)(ii), this too is a dispositive sanction. *See In re Tan*, 2007 WL 7541007, at *6 (B.A.P. 9th Cir. Sept. 28, 2007) (dispositive sanctions include "the[] functional equivalents" of terminating sanctions, "*i.e.*, refusing to allow the disobedient party to support or oppose designated claims or defenses or precluding any evidence as to a prima facie element of a claim."). Thus, these sanctions all require a finding "non-compliance must be due to willfulness, fault, or bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

Additionally, the Court must consider five factors before imposing dispositive sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Goldberg v. TeachBK, Inc.*, No. 24-cv-04525-LJC, 2026 WL 242035, at *4 (N.D. al. Jan. 29, 2026) (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

[3] Terminating sanctions are either dismissal or default and are a subset of dispositive sanctions.

The first and second factors generally favor sanctions, while the fourth factor generally weighs against them. *Henry*, 983 F.2d at 948. Accordingly, "the key factors are prejudice and the availability of lesser sanctions." *Id.*

**B. Attorney's Fees and Costs**

In addition, Rule 37 requires the Court to award "the reasonable expenses, including attorney's fees, caused by the failure" to obey the discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ P. 37(b)(2)(C). The party facing sanctions bears the burden of demonstrating the existence of mitigating factors. *See Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 111 (S.D. Cal. 2024) (citing *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981)). A finding of bad faith is not required for the imposition of attorney's fees. *See, e.g., RG Abrams Ins. v. Law Offs. Of C.R. Abrams*, 342 F.R.D. 461, 521-22 (C.D. Cal.); *see also In re StubHub Refund Litig.*, No. 20-md-02951-HSG, 2024 WL 2305604, at *3 (N.D. Cal. May 20, 2024).

**III. DISCUSSION**

**A. Compliance with the Prior Order**

As a threshold matter, the Court first considers whether Defendants' supplemental discovery responses complied with the Prior Order. As discussed below, the Court finds that Defendants failed to comply with the Prior Order in certain respects.

**1. Defendant Lu's Supplemental Responses**

Plaintiff identifies the following supplemental responses served by Defendant Lu as deficient: responses to Interrogatory nos. 7-20 and RFPs 1-3, 5-6 and 8-11. Dkt. 106 ¶¶ 9-14.

The Prior Order instructed Lu to supplement her responses "consistent with this Court's Order in the attachment," yet nearly all of Defendant Lu's supplemental responses contain objections that the Court had already overruled. To the extent the supplemental responses assert new objections not previously raised, those objections are waived. *See Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-04238-MMC, 2020 WL 6591210, at *3 (N.D. Cal. Nov. 11, 2020) (rejecting as "untenable" the contention that a party "can make a tactical decision to withhold some discovery objections and to present them in a piecemeal fashion such as to force [p]laintiffs'

United States District Court
Northern District of California

to file multiple motions to compel the same discovery materials, and such as to force this court to repeatedly adjudicate multiple motions to compel the same material…"). Accordingly, where Defendant Lu responds "subject to and without waiving" objections—including, among others, that Plaintiff's requests invade her privacy, constitute "impermissible fishing expedition[s]" or seek foreign records that are "completely irrelevant" to the issues in this case" (*see e.g.,* Dkt. 106-2 at 5-9; Dkt 106-4 at 3)—those objections are waived and do not excuse her failure to provide the information required by the Prior Order. The Court therefore evaluates Defendant Lu's supplemental responses without regard to any objections contained therein:

| | **Substantive Request** | **Prior Order (Dkt. 100-1)** | **Supplemental Response (Objections Omitted)** | **Court's Ruling re Compliance** |
|---|---|---|---|---|
| ROG 7 | State the amount of debts YOU owed to Lu Zhang and when they were incurred. | Objections OVERRULED. Defendant will answer the interrogatory. | Defendant states that the property transfer executed with Lu Zhang regarding the Newcastle Road property was legitimate, lawful, and derivative of separate family obligations, not an attempt to evade a valid debt. | **Non-compliant.** The Court previously overruled all of Lu's objections and directed Defendant to answer the interrogatory, which Defendant has not done. Defendant must state the amount of debts owed to Defendant Zhang and when they were incurred (if "none," Defendant must so state), not submit non-sequitur responses. |
| ROG 8 | IDENTIF[Y] any DOCUMENTS evidencing the debts in reference to the previous interrogatory. | Objections OVERRULED. Defendant to either identify documents or affirm that responsive documents will be produced in accordance with Rule 33(d). | Defendant identifies the recorded Grant, Bargain, Sale Deed for the 4284 Newcastle Road property. | **Non-compliant** as dependent on the previous, non-compliant answer. Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 9 | IDENTIFY any and all money of $10,000 or more that YOU TRANSFERRED to China from 2019 | Objections OVERRULED. Defendant will answer the interrogatory. Any privacy concerns are | Defendant states she has not transferred any assets to China | **Non-compliant**, as this answer is evasive and qualified in a manner not called for by the Interrogatory. |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | through 2023, including the date of the transfer, the amount of the transfer, the type of transaction, the bank or financial institution from which the money was transferred, the recipient of the transfer, and the purpose of the transfer. | adequately addressed in the Protective Order (Dkt. 99). | for the purpose of avoiding or obstructing any validly established lawful debt owed to the Plaintiff. | Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 10 | For each and every money TRANSFER IDENTIFIED in YOUR response to the previous interrogatory (No. 9), state the date of the TRANSFER. | Objections OVERRULED. Defendant will answer the interrogatory. Any privacy concerns are adequately addressed in the Protective Order (Dkt. 99). | Defendant states: None | **Non-compliant** as dependent on the previous, non-compliant answer. Defendant must the question fully without objection, qualification or limitation. |
| ROG 11 | For each and every money TRANSFER IDENTIFIED in YOUR response to the previous interrogatory (No. 9), state the purpose of the TRANSFER... | Objections OVERRULED. Defendant will answer the interrogatory. Any privacy concerns are adequately addressed in the Protective Order (Dkt. 99). | Defendant states: None. | **Non-compliant** as dependent on the previous, non-compliant answer. Defendant must the question fully without objection, qualification or limitation.. |
| ROG 12 | For each and every money TRANSFER IDENTIFIED in YOUR response to the previous interrogatory (No. 9), IDENTIFY any and all DOCUMENTS concerning or constituting the record of the TRANSFER. | Objections OVERRULED. Defendant to either identify documents or affirm that responsive documents will be produced in accordance with Rule 33(d). Any privacy concerns are adequately addressed in the Protective Order (Dkt. 99). | Defendant states: None. | **Non-compliant** as dependent on the previous, non-compliant answer. Defendant must the question fully without objection, qualification or limitation.. |
| ROG 13 | State when YOUR house in China was auctioned by a Chinese court in reference to YOUR email to PLAINTIFF dated August 26, 2022. | Objections OVERRULED. Defendant will answer the interrogatory with facts known to her following a reasonably diligent investigation, | any personal hardships referenced in historical emails do not alter the fact that Plaintiff overbilled | **Non-compliant.** The Response is improper argument and evasive. Defendant must answer the question fully without objection, |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | in accordance with Rule 33. | Defendant and breached his operational agreements. | qualification or limitation. |
| ROG 14 | State the address of YOUR house in China. | Objections OVERRULED. Defendant will answer the interrogatory. Any privacy or security concerns are adequately addressed in the Protective Order (Dkt. 99). | Defendant denies possessing real property assets that interfere with the appropriate resolution of this litigation. | **Non-compliant.** The Response is improper argument and evasive. Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 15 | State when YOU redeemed YOUR house in China from the auction in reference to the previous interrogatory. | Objections OVERRULED. Defendant will answer the interrogatory with facts known to her following a reasonably diligent investigation, in accordance with Rule 33. | [No response beyond objections] | **Non-compliant.** Defendant refused to respond to this interrogatory in direct contravention of this Court's Prior Order. Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 16 | State the reasons why YOUR house in China was auctioned by the Chinese court. | Objections OVERRULED. Defendant will answer the interrogatory with facts known to her following a reasonably diligent investigation, in accordance with Rule 33. | [No response beyond objections] | **Non-compliant.** Defendant refused to respond to this interrogatory in direct contravention of this Court's Prior Order. Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 17 | IDENTIFY any DOCUMENTS supporting YOUR claim that YOU were "impersonated by a villain in China and became a shareholder in a company... | Objections OVERRULED. Defendant will answer the interrogatory with facts known to her following a reasonably diligent investigation, in accordance with Rule 33. | [T]he documents relevant to the current dispute are those establishing Plaintiff's own actionable fraudulent billing patterns and inflated hours within this jurisdiction. | **Non-compliant.** Response is improper argument. Defendant must answer the question fully without objection, qualification or limitation. |

| | | | | |
|---|---|---|---|---|
| ROG 18 | State the amount and date when YOU transferred money to China to redeem YOUR house... | Objections OVERRULED. Defendant will answer the interrogatory. Any privacy concerns are adequately addressed in the Protective Order (Dkt. 99). | Defendant denies possessing real property assets that interfere with the appropriate resolution of this litigation. | **Non-compliant.** The Response is improper argument and evasive. Defendant must answer the question fully without objection, qualification or limitation. |
| ROG 19 | State when YOU received the Notice of Client's Right to Fee Arbitration. | Objections OVERRULED. Defendant will answer the interrogatory. | Defendant lacks precise recollection of the exact calendar date of receipt due to Plaintiff's erratic, deceptive, and convoluted billing communications. | **Non-compliant**. Although Defendant states she lacks "precise" recollection of the date, Plaintiff is entitled to Defendant's best recollection or estimate of the relevant date. If Defendant cannot provide an estimated date, she must so state without further argument. |
| ROG 20 | State the reason why YOU did not request a fee arbitration after receiving the Notice of Client's Right to Fee Arbitration. | Objections OVERRULED. Defendant will answer the interrogatory. | Defendant was actively attempting to hold Plaintiff to his explicit, written text message and email representations modifying the fee structure, rendering traditional state bar arbitration avenues secondary to addressing his direct contractual fraud. | **Compliant**. Defendant has sufficiently answered this interrogatory and no further action is required. |
| RFP 1 | Produce any and all DOCUMENTS IDENTIFIED in YOUR response to Plaintiff's Interrogatories, Set One. | Objections OVERRULED. Defendant will produce all documents identified in responses to interrogatories and | Defendant will produce all responsive, non-privileged documents within her possession, custody, or | **Compliant.** Based on the prior interrogatory responses, Defendant's response is satisfactory. **However,** additional documents must be produced in accordance with this Order based on |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | all responsive documents pursuant to Rule 33(d). | control that support her affirmative defenses and counterclaims as identified in her Interrogatory responses, including relevant text messages, email communications, and payment ledger records. | further supplemental interrogatory responses. |
| RFP 2 | Produce any and all COMMUNICATIONS between YOU and PLAINTIFF from 2019 through 2023. | Objections SUSTAINED IN PART, OVERRULED IN PART. Defendant to produce all communications between Plaintiff and Defendant in the time period 2019-2023 upon which Defendant intends to rely in support of any claim or defense. | Defendant will produce responsive, non-privileged emails and text messages exchanged between Defendant and Plaintiff during the course of the transactional/legal representation that are relevant to the fee agreements, billing disputes, and fee modifications at issue in this case. | **Non-compliant.** Defendant's description of documents to be produced does not conform to the Court's Order, which stated that Defendant must "produce all communications between Plaintiff and Defendant in the time period 2019-2023 upon which Defendant intends to rely in support of any claim or defense." Defendant must do so. |
| RFP 3 | Produce any and all DOCUMENTS concerning or constituting the auction of YOUR house in China by a Chinese court, including but not limited to the Chinese court's judgment or order and notice of auction... | Defendant to produce ALL responsive documents and to affirm by verification under penalty of perjury that all responsive documents have been produced | Defendant will not produce documents in response to this request. | **Non-compliant**. Response is in direct contravention to this Court's Order. All objections have been **OVERRULED** and all responsive documents must be produced. |
| RFP 5 | Produce a copy of the complaint YOU filed against PLAINTIFF with the State Bar of | Objections SUSTAINED IN PART, OVERRULED | Defendant will produce a copy of the factual complaint | **Non-compliant.** Defendant's response is improperly qualified. Any privacy concerns |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | California on or about January 17, 2023. | IN PART. Defendant to produce all responsive documents in her custody and control. For purposes of production, a party has sufficient "control" over documents held by another party if the first party has the legal right to obtain the documents from the second party upon demand. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). | submitted to the State Bar of California regarding Plaintiff's billing acts, provided it is treated with appropriate confidentiality. | are adequately addressed in the Protective Order in this action. Defendant must produce "the factual complaint submitted to the State Bar" or state that specific documents (identified by Bates no.) already produced are all of the documents responsive to this request. |
| RFP 6 | Produce any and all COMMUNICATIONS between YOU and the State Bar of California concerning PLAINTIFF. | Objections OVERRULED. Defendant will produce responsive documents. | Defendant will produce non-privileged, formal correspondence from the State Bar regarding the initiation or disposition of the grievance related to Plaintiff's billing conduct. | **Non-compliant.** Defendant's response is improperly qualified. Communications between Defendant and the State Bar of California (a third party) are not privileged, and Defendant may not arbitrarily limit production to "formal" correspondence or to those concerning "initiation or disposition of the grievance." **All** responsive communications must be produced without further objection. |
| RFP 8 | Produce any and all DOCUMENTS concerning or constituting the FRAUDULENT TRANSFER of the two parcels of real property as alleged in the Complaint. | Objections OVERRULED. Defendant will produce responsive documents. Any privacy concerns are addressed by the Protective Order. Dkt. 99. | Defendant will produce the publicly recorded Grant, Bargain, Sale Deed concerning the 4284 Newcastle Road property, which establishes a legitimate, lawful | The identified document must be produced, but the status of Defendant's compliance is unclear.<br><br>To the extent no additional documents exist, the response is compliant. To the extent the single identified document is intended to |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| | | | property transaction. | be a limited or qualification on production, it is improper and the response is non-compliant.<br><br>If there are additional documents to be produced, Defendant must produce them; if there are none, Defendant will so state **in a verified response** |
| RFP 9 | Produce any and all DOCUMENTS concerning or constituting property tax payments for the properties located at 4284 Newcastle Rd., Las Vegas, NV 89103 and 4210 Gannet Circle, Las Vegas, NV 89103 from 2020 to the present. | Objections OVERRULED. Defendant will produce responsive documents. Any privacy concerns are addressed by the Protective Order. Dkt. 99. | Defendant will produce only the recorded deeds and standard ownership transfer disclosures directly relevant to the ownership history of the Newcastle Road property mentioned in the pleadings. | **Non-compliant**. Response is in direct contravention to this Court's Order. All objections have been **OVERRULED** and all responsive documents must be produced. |
| RFP 10 | Produce any and all DOCUMENTS concerning or constituting utility payments (e.g., electricity, water, gas, internet) for the properties located at 4284 Newcastle Rd... and 4210 Gannet Circle... from 2020 to the present | Objections OVERRULED. Defendant will produce responsive documents. Any privacy concerns are addressed by the Protective Order. Dkt. 99. | Defendant will not produce domestic utility bills. | **Non-compliant**. Response is in direct contravention to this Court's Order. All objections have been **OVERRULED** and all responsive documents must be produced. |
| RFP 11 | Produce copies of bank statements showing any and all money TRANSFERS of $10,000 or more that YOU TRANSFERRED to | Objections OVERRULED. Defendant will produce responsive documents. Any privacy concerns are addressed by the | Defendant states she possesses no bank records reflecting asset transfers executed to unlawfully | **Non-compliant**. Response is in direct contravention to this Court's Order. All objections have been **OVERRULED** and all |

| | | | | |
|---|---|---|---|---|
| | China from 2019 through 2023. | Protective Order. Dkt. 99. | evade or hinder a validly established legal debt owed to Plaintiff. | responsive documents must be produced. |

In sum, Defendant Lu has complied with the Court's Prior Order **only** as to Interrogatory no. 20 and RFP 1, and her remaining supplemental responses violate the requirements set forth in that Order.

### 2. Defendant Zhang's Supplemental Responses

Plaintiff identifies the following responses as deficient: responses to interrogatory nos. 2, 4-7 and 9-11 and RFPs 1-5. Dkt. 106 ¶¶ 15-17.

Because Defendant Zhang had failed to respond to Plaintiff's first set of requests, Zhang waived her opportunity to object, and the Court specifically ordered Zhang to respond to each request "**without objection**." Prior Order at 2. She nonetheless incorporates a set of general objections into each response, asserting, among other things, that the requests improperly assume the existence of a debt between herself and Defendant Lu, seek documents protected by work-product doctrine and statute of limitations or request deeply personal information. *See, e.g.,* Dkt. 106-7 at 3; 106-9 at 3. This is clearly non-compliant and, to the extent Defendant Zhang responds "subject to and without waiving" these objections, such language does not excuse her failure to provide the information required by the Prior Order. *See Proofpoint, Inc.*, 2020 WL 6591210, at *3. The Court therefore evaluates Defendant Zhang's responses without regard to any objections contained therein:

| | **Substantive Request** | **Response (Objections Omitted)** | **Court's Ruling re Compliance** |
|---|---|---|---|
| ROG 2 | State YOUR residential address for the past five years, and the dates you lived at each ADDRESS. | Defendant states she has resided at her current residence address during the relevant timelines associated with this dispute. | **Compliant.** Defendant has answered this interrogatory and no further action is required. |
| ROG 4 | State when and how YOU became the title owner of the residential property situated at | Defendant states that the property title conveyance was legally and validly executed in accordance with real estate records on file with the Clark County Recorder, which speak for themselves, | **Non-compliant.** All objections have been **OVERRULED** and Defendant must answer the questions fully, |



United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | 4284 Newcastle Rd, Las Vegas, NV 89103. | and was born out of legitimate intra-family obligations completely independent of Plaintiff's contested fee invoicing. | without objection, qualification or limitation. |
| ROG 5 | State when YOU visited the United States in the past ten years. | Defendant states she has lawfully traveled to and resided within the United States during timelines relevant to her property ownership. | **Non-compliant**. All objections have been **OVERRULED** and Defendant must answer the questions fully, without objection, qualification or limitation. |
| ROG 6 | State the duration and purpose for each of YOUR visits to the United States in the past ten years. | Defendant will not provide immigration document histories in response to this contract dispute. | **Non-compliant**. All objections have been **OVERRULED** and Defendant must answer the questions fully, without objection, qualification or limitation. |
| ROG 7 | State the types of visas for each of YOUR visits to the United States in the past ten years. | Defendant's historical visa typologies have no bearing on the contractual or fraudulent billing issues at the center of this lawsuit. Defendant will not provide immigration document histories in response to this contract dispute. | **Non-compliant**. All objections have been **OVERRULED** and Defendant must answer the questions fully, without objection, qualification or limitation. |
| ROG 9 | For each affirmative defense in the ANSWER, state all facts upon which the affirmative defense is based. | The affirmative defenses are based on the fact that Plaintiff entered into an "Agreement to Modify Fee Structure" via written electronic communications, which he subsequently breached, while simultaneously inflating his billable operational hours and unjustly retaining $175,397.56 of Co-Defendant Mengjing Lu's funds. Because the underlying debt is illegitimate, the family property transfers executed regarding the Las Vegas parcels were entirely proper, lawful, and separate from any attempt to evade a valid creditor. | **Compliant.** Defendant has answered this interrogatory and no further action is required. |
| ROG 10 | State the name, home address, and telephone number of all PERSONS who have | The persons with knowledge include:<br>• Lu Zhang (Defendant), 95 Loma Vista Dr., Orinda, CA 94563.<br>• Mengjing Lu (Co-Defendant), 4284 Newcastle Road, Las | **Compliant.** Defendant has answered this interrogatory and no further action is required. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | knowledge of the facts upon which the affirmative defense is based. | Vegas, NV 89103, Tel: 702-622-0778.<br>• Xiaoyong Lai (Plaintiff), 84 W. Santa Clara St. Ste 700, San Jose, CA 95113, Tel: (408) 228-3995.<br>*Defendant reserves the right to supplement this list as discovery progresses.* | |
| ROG 11 | For each affirmative defense in the ANSWER, IDENTIFY any and all DOCUMENTS that support or tend to support the affirmative defense. | Defendant identifies:<br>• Written electronic messages and email communications from Plaintiff modifying his operational billing structure.<br>• Publicly recorded deeds and standard property transfer records filed with the Clark County Recorder regarding the Las Vegas properties.<br>• Itemized financial billing ledgers and bank transaction records demonstrating Plaintiff's retention of unearned funds. | **Compliant.** Defendant has answered this interrogatory and no further action is required. |
| RFP 1 | Produce any and all DOCUMENTS IDENTIFIED in YOUR response to Plaintiff's Interrogatories, Set One. | Defendant will produce all responsive, non-privileged documents within her possession, custody, or control that support her defenses and are referred to in her interrogatory responses, including relevant publicly recorded title transfers and standard property records. | **Compliant**. However, the documents must be produced and should have been produced already. |
| RFP 2 | Produce any and all COMMUNICATIONS between YOU and MENGJING LU from 2019 through 2023. | Defendant will produce only non-privileged written communications or logistical text records in her possession that directly discuss the explicit title mechanics and execution dates of the contested Las Vegas properties at issue in the pleadings. | **Non-compliant**. Communications between Defendant Zhang and Defendant Lu are not privileged, and and Defendant may not arbitrarily limit production to "logistical text records" or those that "directly discuss the explicit title mechanics and execution dates." **All** responsive communications must be produced without further objection. |

| | | | |
|---|---|---|---|
| RFP 3 | Produce any and all DOCUMENTS concerning or constituting the transfer of the properties situated at 4284 Newcastle Road, Las Vegas, NV 89103 and 4210 Gannet Circle, Las Vegas, NV 89103. | Defendant will produce responsive, non-privileged documents in her possession, custody, or control concerning the property conveyances, specifically the recorded Grant, Bargain, Sale Deeds and related public instruments on file with the Clark County Recorder. | The identified document must be produced, but the status of Defendant's compliance is unclear.<br><br>To the extent no additional documents exist, the response is compliant. To the extent the single identified document is intended to be a limited or qualification on production, it is improper and the response is non-compliant.<br><br>If there are additional documents to be produced, Defendant must produce them; if there are none, Defendant will so state **in a verified response** |
| RFP 4 | Produce any and all DOCUMENTS concerning or constituting what YOU gave, paid, or promised to Mengjing Lu as consideration for the transfer of the properties situated at 4284 Newcastle Road, Las Vegas, NV 89103 and 4210 Gannet Circle, Las Vegas, NV 89103. | Defendant will produce non-privileged documentation, receipts, or family agreement records in her possession that reflect the intra-family consideration, long-standing asset arrangements, and personal obligations that formed the basis of the property transactions. | **Compliant**. However, the documents and must be produced and should have been produced already. |
| RFP 5 | Produce any and all DOCUMENTS concerning or constituting any debts that Mengjing Lu owed to YOU. | Defendant will produce responsive, non-privileged documentation or records reflecting the underlying familial obligations and financial structures that prompted the property title conveyances, to the extent such documents are available and within her possession, custody, or control. | **Compliant.** Defendant has answered this RFP and no further action is required. |



United States District Court
Northern District of California

United States District Court
Northern District of California

In sum, Defendant Zhang has, at best, complied with the Court's Prior Order as to Interrogatory nos. 2, 9, 10 and 11 and RFPs 1, 4 and 5, and her remaining responses violate the requirements set forth in that Order. Moreover, her assertion of "general objections" in contravention of the Court's Order is noncompliant.

**3. Defendant's Depositions**

With respect to Defendants' depositions, Plaintiff does not contend that Defendants violated the Prior Order but makes note of the fact that Defendants have a "history of … delaying and refusing to attend depositions." *See* Motion at 8. Nevertheless, the Prior Order expressly required Defendants to make themselves available for deposition, and they did not. Prior Order at 2; Dkt. 106 ¶¶ 18-21. Nor has either Defendant addressed that failure in their Opposition. *See* Opposition. This violation of the Court's express directive provides another basis for considering sanctions under Rule 37.

* * *

In sum, the Court concludes that the following written responses comply with the Prior Order: Defendant Lu's responses to Interrogatory no. 20 and RFP 1 and Defendant Zhang's responses to Interrogatory nos. 2, 9, 10 and 11 and RFPs 1, 4 and 5. To the extent Plaintiff's Motion for Sanctions is based on these responses, the Motion is **DENIED with prejudice.**

As to the remaining deficient responses and Defendants' failure to make themselves available for depositions, the Court **finds noncompliance** and next considers whether the imposition of either dispositive sanctions or attorney's fees is appropriate.

**B. Dispositive Sanctions Are Not Appropriate at this Juncture**

To impose dispositive sanctions for Defendants' noncompliance with the Prior Order, the Court must determine (1) whether the five factors established by this Circuit weigh in favor of such sanctions, and (2) whether Defendants' noncompliance was the result of willfulness, fault or bad faith. *See, supra,* § II.A. The Court addresses each element in turn below.

////

////

////

**1. Application of the Five-Factor Test**

Only the third and fifth factors—prejudice and the availability of lesser sanctions—are in serious dispute here.[4] *See, supra,* § II.A.

**a. The Third Factor, Prejudice, Weighs in Favor of Sanctions**

As to prejudice, Plaintiff contends that, absent compliant responses from Defendants, he is "completely blind to Defendant's baseline factual contentions and evidence," and therefore "cannot properly prepare for trial." Motion at 8. Defendants respond that their supplemental responses provide sufficient information for Plaintiff to "present his claim on the merits." Opposition at 5. After all, Defendants argue, Plaintiff "remains able to challenge Defendants' factual assertions through deposition testimony, documentary evidence, third-party discovery, dispositive motions, and trial." *Id.* at 12. The Court is not persuaded.

"Failure to produce documents as ordered … is considered sufficient prejudice." *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Here, Defendants failed to comply with discovery obligations that the Court has already determined seek relevant and proportional information. *See* Prior Order; Dkt. 100-1. As a result, Plaintiff has been left with "incomplete and spotty evidence," which itself constitutes prejudice. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Defendants' assertion that Plaintiff may obtain the necessary information through "deposition testimony" or any other discovery mechanism rings hollow given Defendants' own failure to make themselves available for deposition. The prejudice to Plaintiff is apparent and the third factor weighs in favor of imposing dispositive sanctions.

**b. The Fifth Factor, the Availability of Lesser Sanctions, Weighs Against Dispositive Sanctions at this Juncture**

The fifth factor, however, weighs against dispositive sanctions at this stage. A district court may not impose dispositive sanctions without first considering lesser sanctions, determining that lesser sanctions would be futile or warning the disobedient party of the possibility of

[4] Defendants also address the fourth factor in their Opposition. *See* Opposition at 14-15. However, because the fourth factor generally weighs against imposing sanctions, the Court does not separately analyze the factor here. *See, supra,* § II.A; *see also Henry*, 983 F.2d at 948.

United States District Court
Northern District of California

dispositive sanctions. *See Conn. Gen. Life Ins. Co.*, 482 F.3d at 1116 (citation omitted). For example, dispositive sanctions are generally appropriate where previously imposed monetary sanctions have proven ineffective. *See, e.g. Henry*, 983 F.2d at 948 (finding "no reason to expect that [plaintiff] would respond more satisfactorily to a second round of intermediate sanctions than he did to the first"); *see also Faerfers v. Caviar Creator, Inc.*, No. 08-16339, 2009 WL 4912367, at *2 (9th Cir. Nov. 16, 2009). Here, however, the Court has not previously imposed sanctions against Defendants, and Defendants have not been warned that noncompliance may result in dispositive sanctions.

Accordingly, while Defendants' conduct has caused substantial prejudice to Plaintiff and approaches the level warranting more severe sanctions, the Court declines to impose dispositive sanctions at this juncture. The Court instead imposes monetary sanctions and **orders** Defendants to provide further responses notwithstanding the close of discovery. *See, infra,* §§ III.C, IV.

**2. Bad Faith**

The remaining question is whether Defendants' noncompliance was the product of willfulness, fault, or bad faith. Plaintiff argues that it was, relying principally on *Valley Engineers Inc. v. Electrical. Engineering Co.* and *Connecticut General* for the proposition that violation of a court order, alone, is enough to justify dispositive sanctions. Motion at 5 (citing 158 F.3d 1051, 1052 (9th Cir. 1998) and 482 F.3d at 1097, respectively). Indeed, courts may infer bad faith from individual violations – "'disobedient conduct not shown to be outside the control of the litigant" is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). However, whether a party has acted willfully or in bad faith is a "carefully case-specific" determination. *Valley Eng'rs*, 158 F.3d at 1056 (citing *Fjelstad*, 762 F.2d at 1343).

The records in *Valley Engineers* and *Connecticut General*, where bad faith was found based on a single violation of a court order, contained compelling evidence of intentional misconduct. In *Valley Engineers*, the defendants knowingly withheld a "smoking gun" memorandum while producing the remainder of the document, leaving little doubt that the omission was deliberate. *See* 158 F.3d at 1054-55. Likewise in *Connecticut General*, the

defendant intentionally photocopied docket sheets in a manner that altered the appearance of filing dates – a deception the district court readily identified by comparing the altered copies with the authentic dockets in its possession. *See* 482 F.3d at 1094-95.

The present record, although deeply troubling, is not quite so stark. Although Plaintiff contends that Defendants intentionally "concealed" evidence, (Motion at 8), the record does not contain affirmative evidence that Defendants deliberately withheld documents, fabricated evidence or otherwise engaged in the type of deception present in *Valley Engineers* or *Connecticut General*. This case is more akin to *Fjelstad*, where the court could not foreclose the possibility that the defendants' failure to comply stemmed from a misunderstanding rather than bad faith. *See* 762 F.2d at 1342-43. Had Defendants repeatedly violated court orders or continued their noncompliance after lesser sanctions had proved ineffective, the Court would more readily infer bad faith. *See Comput. Task Grp.*, 364 F.3d at 1115 (inferring bad faith from five consecutive violations of orders compelling discovery).

That said, Defendants, whether stonewalling intentionally or out of some sort of misunderstanding, have blatantly violated the Court's Prior Order. Such conduct cannot be taken lightly. As the Ninth Circuit has aptly observed, "[t]here is no point of a lawsuit, if it merely applies law to lies." *Valley Eng'rs*, 158 F.3d at 1058. Thus, "[t]he most critical factor to be considered … is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen.*, 482 F.3d at 1097. While the Court ultimately concludes that the present record falls short of establishing bad faith, it does so only narrowly. Defendants' conduct approaches the level warranting dispositive sanctions and they are expressly warned that any **future failure to comply with this Court's orders or their discovery obligations will weigh heavily in favor of a finding of bad faith and may result in the imposition of dispositive sanctions.**

////

////

////

////

United States District Court
Northern District of California

**C. Monetary Sanctions Are Appropriate**

Although Plaintiff does not request monetary sanctions, (*see* Motion at 1, 8), Rule 37 provides that where a party fails to obey a discovery order, the Court must award the reasonable expenses caused by the noncompliance unless the failure was substantially justified. Fed. R. Civ. P. 37(b)(2)(C).

Defendant Zhang offers no justification for her noncompliance. *See* Opposition. Defendant Lu, by contrast, contends that her recent medical complications "materially affected her ability to review documents, communicate with counsel, assist in preparing discovery responses, and otherwise participate in litigation" rendering her noncompliance substantially justified. *Id.* at 13-14. The Court does not minimize the seriousness of Defendant Lu's medical condition. Nevertheless, counsel had available means to address those circumstances, including stipulating with Plaintiff to extend the discovery deadlines—as the parties had done previously, (*see* Dkt. 92)—or seeking an extension from the Court. *See Adriana*, 913 F.2d at 1411 (where counsel or parties are unable to comply with discovery obligations because of illness, the reasonable course of action is to seek relief from the court rather than simply fail to comply). The solution is not, as Defendant Lu did here, to effectively refuse to participate in discovery by serving argumentative, qualified and non-responsive answers.

Accordingly, the Court finds that neither Defendant has demonstrated substantial justification for failing to comply with the Prior Order and that an award of monetary sanctions is appropriate. The Court therefore imposes sanctions in the amount of **$1,500 against each Defendant**.[5]

////

////

////

////

[5] Although Plaintiff does not provide a breakdown of the fees associated with this Motion, the Court finds that the amount awarded represents the reasonable fees incurred in bringing the Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Dispositive Sanctions is **GRANTED IN PART and DENIED IN PART, with and without prejudice** as follows:

- The Motion is **denied with prejudice** insofar as it is based on discovery responses that the Court finds comply with the Prior Order, namely:
  - Defendant Lu's responses to Interrogatory no. 20 and RFP 1; and
  - Defendant Zhang's responses to Interrogatory nos. 2, 9, 10 and 11 and RFPs 1, 4 and 5.
- Within **10 days** of this Order:
  - Defendant Lu shall serve complete, verified and unobjected-to responses, without argument, to Plaintiff's Interrogatory nos. 7-19 and RFPs 2-3, 5-6 and 8-11 consistent with the rulings set forth above. *See, supra,* § III.A.1.
  - Additionally, Defendant Lu must produce all responsive documents called for in RFPs 2-3, 5-6 and 8-11 following a diligent search. No responsive documents may be withheld. If no responsive documents exist, Defendant Lu's verified response must so state. *Id.*
  - Defendant Zhang shall serve complete, verified, and unobjected-to responses, without argument, to Plaintiff's Interrogatory nos. 4-7 and RFPs 2-3 consistent with the rulings set forth above. *See, supra,* § III.A.2.
  - Additionally, Defendant Zhang must produce all responsive called for in RFPs 1 and 4. No responsive documents may be withheld. If no responsive documents exist, Defendant Zhang's verified response must so state. *Id.*
- Defendants shall each make themselves available for deposition no later than **ten days after service of the supplemental discovery responses**.[6]
- The motion is **granted** to the extent it finds that Defendants unjustifiably failed to

---

[6] Plaintiff's concurrently filed Motion to Reopen Discovery, (Dkt. 101), is superseded by this Order and is therefore **TERMINATED as moot**. The undersigned has conferred with the presiding judge, who has approved this modest extension of the discovery deadlines for the limited purpose of implementing this Order.

comply with the Court's Prior Order with respect to the deficient discovery responses above, as well as their failure to make themselves available for deposition. Pursuant to Rule 37(b)(2)(C), the Court orders, *sua sponte*, that Defendants shall **each pay $1,500 to Plaintiff** as reasonable expenses **within 21 days of this Order**.

- Defendants are expressly warned that failure to comply with this Order will result in a recommendation that the Court impose dispositive sanctions, either in whole or in part depending on the extent of Defendants' noncompliance.
- The Motion is **denied without prejudice** insofar as it seeks additional dispositive sanctions based on Defendants' conduct. **Plaintiff may renew the request if Defendants fail to comply with this order**.

**SO ORDERED.**

Dated: July 30, 2026

SUSAN VAN KEULEN
United States Magistrate Judge