United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIAOYONG LAI,
Plaintiff,

v.

MENGJING LU, et al.,
Defendants.

Case No. 24-cv-06470-NW

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: ECF No. 103

On July 10, 2026, Plaintiff Xiaoyong Lai filed a motion for partial summary judgment as to three of Defendant Mengjing Lu's four amended counterclaims, and the Court set the motion for an in-person hearing on October 7, 2026, at 9:00 a.m. ECF Nos. 103, 112.[1] The motion is fully briefed. ECF Nos. 108, 110.

Jeff Mann, an attorney who practices law in Los Angles, has been representing Defendant in this action since November 2025. ECF No. 74.[2] On October 5, 2026, Mr. Mann filed an administrative motion on shortened time seeking to appear remotely at the hearing. ECF No. 119. Mr. Mann offered no exigent circumstances to justify his late filed motion. He similarly offered no emergency as to why he could not appear at the hearing on October 7, 2026. Instead, he simply explained to the Court that his office is located in Los Angles (which was where he practiced law when he elected to represent the Defendant in this case), and that "an in-person appearance in San Jose would require substantial intercity travel, related expense, and time away from counsel's practice." *Id.* The Court denied Mr. Mann's request to appear remotely at the hearing. ECF No.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Prior to November 2025, Defendant, who lives in Las Vegas, was self-represented.

120.

When the Court called the matter for hearing on October 7, 2026, Plaintiff personally appeared, by Mr. Mann did not. He sent another lawyer from Santa Clara to appear in his stead. That lawyer, who otherwise had no affiliation with Mr. Mann, had not made an appearance in the case pursuant to Civil Local Rule 5-1(c)(2), and he did not know whether he was going to be retained as counsel in this matter going forward. Given that no counsel of record appeared for Defendant, and the only substantive questions that the Court had regarding the motion for summary judgment were questions regarding Defendant's opposition to the motion, the Court concluded the hearing and took the matter under submission.

Mr. Mann is admonished that he must comply with all Court rules and Orders, including this Court's Standing Orders. Further failure to comply may result in monetary or case-specific sanctions.

The Court GRANTS Plaintiff's motion.

## I. BACKGROUND

The factual background in this case was detailed in the Court's October 3, 2025 Order granting Plaintiff's first motion to dismiss Defendant's counterclaims and will not be fully repeated here. ECF No. 61. The facts and procedural history relevant to the current motion are stated below.

After the Court granted Plaintiff's first motion to dismiss Defendant's counterclaim for breach of an oral agreement with leave to amend, Defendant filed an amended answer and counterclaims on October 17, 2025. ECF No. 67. In her amended counterclaims, Defendant asserted four claims against Plaintiff: Breach of Contract (Count I), Unjust Enrichment (Count II), Fraud (Count III), and Breach of Fiduciary Duty (Count IV). *Id.*

Plaintiff then moved a second time to dismiss the Amended Counterclaims, which the Court denied. ECF Nos. 73, 84. Plaintiff filed an answer to the counterclaims on March 18, 2026. ECF No. 90.

Plaintiff now moves for partial summary judgment on Defendant's Breach of Contract (Count I), Unjust Enrichment (Count II), and Breach of Fiduciary Duty (Count IV) claims, and

Defendant's statute of limitations affirmative defense.

## II. LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, and conclusory assertions will not suffice. *See Anderson*, 477 U.S. at 252; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## III. DISCUSSION

Plaintiff argues that three of Defendant's counterclaims are barred by the statute of limitations. Plaintiff also asserts that the Court should grant him summary judgment as to Defendant's affirmative defense of statute of limitations related to Plaintiff's claims that Defendant (Ms. Lu) fraudulently transferred property to Ms. Zhang to prevent Plaintiff from being able to execute a judgment against Defendant. ECF No. 103. The Court addresses each in turn.

### A. Counterclaims

Defendant's counterclaims for breach of contract, unjust enrichment, and breach of fiduciary duty are based on Defendant's allegation that Plaintiff overcharged her for his legal services. California Code of Civil Procedure Section 340.6 applies a one-year limitations period

to all claims clients bring against their counsel arising out of professional services, except actual fraud, starting from the date of discovery. Cal. Civ. Proc. Code § 340.6(a) ("An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.").

Plaintiff argues that Defendant's counterclaims are time-barred because Defendant discovered the alleged overcharges when she received Plaintiff's January 2, 2023 bill for legal services, and this action, *by Plaintiff*, was not filed until more than a year and eight months later. As for Defendant, the first time she raised counterclaims against Plaintiff was not until May of 2025. ECF No. 37.

Defendant claims, without explanation, that the statute of limitations should not begin to run until she filed a complaint against Plaintiff with the California state bar on January 17, 2023. Plaintiff credibly disputes that Defendant filed a complaint against him given that Defendant has not provided the complaint to Plaintiff or the Court, and Plaintiff avers that he has never received notice of any complaint from the bar. The only information Plaintiff received from Defendant regarding the alleged bar complaint is a copy of an unsigned handwritten note. Declaration of Xiaoyong Lai, ¶¶ 3-5, ECF No. 104. The Court finds Defendant's argument on this point perplexing because a subsequent bar complaint does not change the fact that Defendant was on notice of the legal charges when Plaintiff sent the invoice on January 2, 2023. But as Plaintiff correctly notes, even if Defendant were right on this point, and even if she had presented evidence that she had filed a complaint with the bar, which she has not, then the latest Defendant was aware of the alleged overcharges was January 17, 2023; that means at the latest the statute of limitations ran on Defendant's counterclaims was January 17, 2024 – months before *Plaintiff* initiated his case and more than a year before Defendant filed her counterclaims. ECF Nos. 1, 37.

Plaintiff has met his burden of demonstrating that there is no genuine issue of material fact as to the date that Defendant discovered the alleged overcharges that form the basis of her counterclaims. Reviewing the evidence in the light most favorable to Defendant, as the Court

must, Plaintiff's email and invoice unmistakably show that Defendant was on notice in January 2023 of the Plaintiff's legal fees and cost that are the subject of this action. *Anderson*, 477 U.S. at 255. In fact, Defendant includes this fact in her Amended Answer stating, "In January 2023, Counter-Defendant [Mr. Lai] sent Counter-Plaintiff [Ms. Lu] a second set of accumulated invoices, demanding payment of $777,861.00." ECF No. 67.

In her opposition to the motion for summary judgment, Defendant does not indicate that there is a factual dispute. Defendant acknowledges the January 2, 2023 bill in her declaration, stating: "I did not receive a document labeled as a 'Final Accounting' until January 2023." Declaration of Mengjing Lu, ¶ 15, ECF No. 108-1. Defendant further notes that she "disputed the accounting immediately." *Id.* ¶ 18. Defendant contends in her declaration that it is not accurate to say that she discovered her counterclaims in January 2023 because "[e]ven after receiving the January 2023 accounting, I needed time to review the accounting, compare it with my records, gather documents, review text messages and emails, and understand the nature and extent of the charges that Mr. Lai claimed." *Id.* ¶ 31. Even assuming this to be true, Defendant's "review" does not change the equation for when the claims were discoverable. "A party cannot by his own negligence, or for his own convenience, stop the running of the statute." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 999 (9th Cir. 2006) (quoting *O'Hair v. U.S. Fidelity & Guaranty Co.,* 9 Cal.App.2d 307, 49 (1935)). Defendant has not produced any evidence to show that there is a dispute of fact regarding the expiration of the statute of limitations as to her counterclaims. Accordingly, Plaintiff's motion for summary judgment on Defendant's three counterclaims is granted. *TW Elec. Serv., Inc.*, 809 F.2d at 630.

**B. Affirmative Defense**

Plaintiff next argues that summary judgment is appropriate on Defendant's affirmative defense of statute of limitations. Defendant raised the affirmative defense of statute of limitations against Plaintiff's fraudulent transfer claim, asserting that "[a]ny claim regarding the alleged fraudulent transfers made in August 2020 is time-barred pursuant to California Civil Code § 3439.09, as these transfers occurred more than four years prior to the filing of the Complaint." ECF No. 67 at 22.

In his motion for summary judgment, Plaintiff contends that the statute of limitations must be counted from the date the transfer of the real property was recorded, which, here, took place on September 14, 2020. Therefore, the statute of limitations has not run on his fraudulent transfer claim because he filed his lawsuit on September 13, 2024, before the four-year statute of limitations period expired. *See* California Civil Code §§ 3439.09, 3439.06; *Fujifilm Corp. v. Yang*, 223 Cal. App. 4th 326, 336 (2014) (holding that the trial court did not err in instructing the jury that a transfer takes place upon recording of the title). Plaintiff attached the certified copies of the two property transfers and their corresponding recording, each showing a September 14, 2020 date of recording. Lai Decl. ¶ 4. In her opposition, Defendant provided no evidence to show that there is a dispute of material fact as to the date of recording. *See* ECF No. 108. Plaintiff has established, and Defendant has not produced any evidence to counter, that there is no genuine dispute of material facts that Defendant's statute of limitations affirmative defense fails as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23 (1986); *TW Elec. Serv., Inc.*, 809 F.2d at 630.

## IV. CONCLUSION

Plaintiff's motion for partial summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: October 9, 2026

Noël Wise
United States District Judge